STATE of Alaska, Petitioner,

v.

The Honorable C. J. OCCHIPINTI, Judge of the Superior Court, and the Superior Court for the State of Alaska, Third Judicial Dist., Respondents,

Steve Levshakoff, Real Party in Interest.

STATE of Alaska, Petitioner,

v.

Steve LEVSHAKOFF, Respondent.

No. 3084.

Supreme Court of Alaska.

April 8, 1977.

20. Record of Appeal, Vol. I, pages 162–163 (emphasis added).

Glen C. Anderson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for petitioner.

F. P. Pettyjohn, Pettyjohn & Pestinger, Anchorage, for Steve Levshakoff.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

BURKE, Justice.

This matter is before us on a petition for a writ of mandamus. As petitioner, the State of Alaska seeks to compel respondent C. J. Occhipinti, Judge of the Superior Court, to impose sentence upon Steve Levshakoff for the crimes of rape and assault with a dangerous weapon.

On December 4, 1975, Levshakoff entered pleas of guilty to counts I and II of a three count felony indictment. Count I charged Levshakoff with the crime of rape, count II charged him with assault with a dangerous weapon, and count III charged him with the crime of kidnapping. On January 14, 1976, Levshakoff changed his plea to guilty on count III, after his motion to dismiss that count of the indictment was denied.

At the sentencing hearing, the state argued that three separate and distinct crimes had been committed and asked the court to impose an appropriate sentence on each of the three counts. Judge Occhipinti, apparently believing that such action would be contrary to our holding in *Whitton v. State,* 479 P.2d 302 (Alaska 1970), refused, stating:

I have—I heard the evidence and I agree that there were three separate offenses that were involved; however, they were so intertwined that I'm not too comfortable with the thought of three sentences in this case. I think that, follow-

ing *Whitton,* and finding that they were so interrelated . . . that one sentence would be sufficient, I mean would be justified, I should say. And that, of course, would be a sentence on the gravest offense.

Thereupon, Judge Occhipinti indicated that he would impose a thirty year sentence on the kidnapping conviction but no additional penalty for Levshakoff's convictions for rape and assault with a dangerous weapon. After announcing his intended action, Judge Occhipinti further stated:

So there's no question about it, I'm sentencing him on the most serious of offenses here. I'm giving him thirty years, with the requirement that he serve them before he be eligible for parole.

. . .

The State of Alaska, repeating the argument that it made prior to sentencing, now petitions this court for a writ of mandamus directing Judge Occhipinti to enter a dispositive order on the other two charges.

It is important to note that the state does not contend that a heavier sentence is required. It concedes that the superior court has the power to suspend the imposition or execution of sentence, by appropriate order, or to require that any sentences imposed be served concurrently rather than consecutively. What is objected to is the court's failure to enter *any* dispositive order relating to Levshakoff's convictions for rape and assault with a dangerous weapon.

We agree that in refusing to enter such an order the superior court exceeded its authority.

AS 11.05.140 provides in pertinent part:

The court authorized to pass sentence *shall determine and impose the punishment prescribed.* (emphasis added)

Similarly, Rule 32(a), Alaska Rules of Criminal Procedure, provides in part: "Sentence shall be imposed without unreasonable delay." These provisions, in our view, required the entry of a dispositive order in the instant case.

In *Whitton v. State, supra,* we established the test to be used in determining whether

multiple offenses can be punished separately. There we said:

> The trial judge first would compare the different statutes in question, as they apply to the facts of the case, to determine whether there were involved differences in intent or conduct. He would then judge any such differences he found in light of the basic interests of society to be vindicated or protected, and decide whether those differences were substantial or significant enough to warrant multiple punishments. The social interests to be considered would include the nature of personal, property or other rights sought to be protected, and the broad objectives of criminal law such as punishment of the criminal for his crime, rehabilitation of the criminal, and the prevention of future crimes.
>
> If such differences in intent or conduct are significant or substantial in relation to the social interests involved, multiple sentences may be imposed, and the constitutional prohibition against double jeopardy will not be violated. But if there are no such differences, or if they are insignificant or insubstantial, then only one sentence may be imposed under double jeopardy. Ordinarily the one sentence to be imposed will be based upon or geared to the most grave of the offenses involved, with degrees of gravity being indicated by the different punishments prescribed by the legislature. (footnotes omitted) 479 P.2d at 312.[1]

We think that Judge Occhipinti, while recognizing the proper test, misapplied that test in the instant case.

At approximately 2:00 a. m., on the morning of May 27, 1975, Steve Levshakoff appeared at the police station in Valdez, Alaska, where he asked for assistance in locating his younger sister. A short time later, he stated that he was going home and was seen leaving the building.

At approximately 3:25 a. m., Levshakoff appeared again at the police station where he confronted D.M., a young female dispatcher, with a knife as she left her desk to go the coffee room. Levshakoff told her to be quiet and forced her to leave the building at knifepoint. Ms. M. was then forced to get in her car and drive toward Glennallen, on the Richardson Highway.

Approximately ten miles out of Valdez, Levshakoff instructed D.M. to stop, whereupon he cut the front of her bra with his knife and touched her. After a moment or two she was instructed to proceed on toward Keystone Canyon, where Levshakoff told her to pull off on an overgrown sideroad. There he made her touch him and he touched her, after cutting the rest of her bra off.

After a short time D.M. was told to drive back to the main highway, where they proceeded on toward Glennallen. Near Sheep Camp another stop was made. There Levshakoff took off Ms. M.'s watch and wedding ring, and cut off her pants and underwear with his knife. After approximately three minutes they continued on.

At Blueberry Lake Levshakoff instructed D.M. to pull into a campground. There he held the knife to her chest and informed her how he had raped, cut and killed other women. He then forced her to get in the back seat, where he raped her at knife point.

Shortly after leaving Blueberry Lake, Ms. M. noticed that other traffic was approaching and jumped from the moving car in an effort to escape. She was badly injured and apparently was rendered unconscious for several minutes. When she awoke, Levshakoff was standing over her with the knife telling her that he was going to kill her. However, when other motorists stopped, he returned to the car after hiding his knife among the rocks along the highway. Eventually a state trooper arrived and Ms. M. was removed from the scene.

In all, D.M.'s ordeal lasted some two or three hours, during which time Levshakoff

---

1. *See also Mead v. State*, 489 P.2d 738, 740–41 (Alaska 1971), in which we analyzed the different societal interests violated by the offenses of burglary and larceny in determining whether punishment for both offenses constituted double jeopardy.

made repeated threats to kill her unless she obeyed his wishes.

 Given these circumstances, we think that separate sentences were clearly called for. Levshakoff's conduct constituted the commission of three distinct offenses, each of which violated a different societal interest. Levshakoff's sexual abuse of D.M. against her will violated her personal dignity, apart from any fear of physical harm which she experienced. As we noted in *Newsom v. State*, 533 P.2d 904, 911 (Alaska 1975), the crime of rape "amounts to a desecration of the victim's person which is a vital part of her sanctity and dignity as a human being." *See also State v. Lancaster*, 550 P.2d 1257, 1260 (Alaska 1975). Thus, his actions in raping Ms. M. violated personal rights which are distinct from those protected by the prohibitions against kidnapping or assault with a dangerous weapon.

 A more difficult question is whether the societal interests violated by the crimes of kidnapping and assault with a dangerous weapon are distinguishable. In this case, both offenses constituted threats to the victim's bodily safety and subjected her to terror at the hands of the perpetrator. Clearly the statutes proscribing kidnapping and assault with a dangerous weapon were both designed to protect society from such physical and psychological dangers. However, the offense of kidnapping violates not only the victim's safety but also her personal liberty, and in this case it removed her from the hope of rescue from her previous situation. When Levshakoff stood over Ms. M. with the knife telling her that he was going to kill her, he committed the separate offense of assault with a dangerous weapon which was not inextricably entwined with the kidnapping. Furthermore, Levshakoff's conduct in forcing Ms. M. to drive down the Richardson Highway violated societal interest which were separate from those involved with his use of a knife to threaten her life.

We therefore grant the state's petition for a writ of mandamus and hold that *Whitton* requires Judge Occhipinti to impose sentence upon Steve Levshakoff for the crimes of rape and assault with a dangerous weapon.

REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.