**Shawn BARRY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7195.**

Court of Appeals of Alaska.

Feb. 3, 1984.

Charles R. Pengilly, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Charles M. Merriner, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Shawn Barry was found guilty of kidnapping, AS 11.41.300(a)(1)(C), and sexual assault in the first degree, AS 11.41.410(a)(1). Barry received concurrent terms of twenty years for kidnapping and twenty years with five years suspended for sexual assault. He appeals his conviction and sentence. He argues that his trial counsel provided him ineffective assistance (1) in permitting him to waive a jury trial and to proceed before Judge Van Hoomissen and (2) in her general handling of the trial. In addition, Barry argues that under the peculiar facts of this case, sexual assault in the first degree was a lesser-included offense of kidnapping, barring separate sentences. Finally, Barry contends that his sentence for sexual assault was excessive. We reject Barry's sentencing arguments. We conclude that Barry has failed to demonstrate ineffective assistance of counsel on the record presented to this court. Accordingly, we believe a remand is necessary on this issue.

On February 23, 1982, Shawn Barry was indicted on one count of kidnapping in violation of AS 11.41.300(a)(1)(C), and one count of sexual assault in violation of AS 11.41.410(a)(1). Prior to trial, a total of four bail hearings were conducted before Judge Van Hoomissen. At the bail hearings the state opposed the request for lowered bail by relying on information about previously alleged felony charges in Texas and Arizona. The state obtained an FBI "rap sheet" which indicated the defendant had been charged with a controlled substance violation and attempted murder in Texas, and aggravated assault, first-degree burglary, sexual assault and possession of narcotics for sale in Arizona. The state conceded at the first bail hearing before

Judge Van Hoomissen that the Arizona charges had been dismissed.

Barry subsequently executed a written waiver of jury trial and the case was tried before Judge Van Hoomissen. The evidence presented at trial established that the victim, R.J., was the bartender at a tavern in Fairbanks. Just before closing on February 12, 1982, she noticed that she and Shawn Barry were alone in the bar. Barry indicated that he had lost his car keys and requested a ride home which R.J. agreed to furnish. They had driven a short distance when Barry told R.J. that he might have left his keys in the restroom at the tavern. They drove back and reentered the bar to look for the keys. At this point the trial testimony of R.J. and Barry began to diverge. R.J. testified that after an unsuccessful search for the keys they left the bar a second time in her vehicle and had almost arrived at Barry's residence when Barry threatened her with what she believed to be a handgun. Barry told her it was a nine millimeter and demanded that she return to the bar. Although she never saw a gun, she drove back to the bar where Barry repeatedly raped her. Barry testified that after they returned to the bar the first time to search for his keys, the couple engaged in consensual intercourse on the tavern floor. After a two-day trial, Judge Van Hoomissen found Barry guilty specifically accepting R.J.'s testimony and rejecting Barry's.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Barry questions counsel's competence on two grounds. First he contends that no responsible attorney would have permitted him to waive a jury trial in a case where the trial judge had prior notice of Barry's criminal record. Barry asserts that any trial judge would consciously or unconsciously rely on such evidence in evaluating the defendant's credibility. In addition, Barry contends that his counsel engaged in a number of actions which in retrospect do not appear to have advanced his defense.

In *Risher v. State,* 523 P.2d 421 (Alaska 1974), the Alaska Supreme Court considered the question of ineffective assistance of counsel and adopted the following test: " 'Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations.' " 523 P.2d at 424 (quoting *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir.1974)). The court held that if a defendant can show both that his trial counsel failed this test and that the lack of competency contributed to the conviction, then the defendant is entitled to a new trial with new counsel. *Id.* at 425. The court went on to point out:

> At times it may be necessary to remand for an evidentiary hearing on this issue. For example, if on appeal it is contended that trial counsel could have discovered helpful evidence, we might remand for a hearing on that issue. In most such cases, however, the necessity of an appeal and remand may be avoided by first applying at the trial court level for a new trial or moving for post-conviction relief.

523 P.2d at 425 n. 20.

Practically speaking, an appellate court is almost never able to find ineffective assistance of counsel in the absence of an explanation in the record for counsel's actions. As the supreme court of California pointed out in *People v. Pope,* 23 Cal.3d 412, 152 Cal.Rptr. 732, 590 P.2d 859, 867 (1979), an evidentiary hearing is almost always a prerequisite to an effective assertion of ineffective assistance of counsel:

> Otherwise, appellate courts would become engaged "in the perilous process of second-guessing." Reversals would be ordered unnecessarily in cases where there were, in fact, good reasons for the aspect of counsel's representation under attack. Indeed, such reasons might lead a new defense counsel on retrial to do exactly what the original counsel did, making manifest the waste of judicial resources caused by reversal on an incomplete record.

> Where the record does not illuminate the basis for the challenged acts or omissions, a claim of ineffective assistance is more appropriately made in [an evidentiary hearing at the trial court level]. [T]here is an opportunity in an evidentiary hearing to have trial counsel fully describe his or her reasons for acting or failing to act in the manner complained of. For example, counsel may explain why certain defenses were or were not presented. Having afforded the trial attorney an opportunity to explain, courts are in a position to intelligently evaluate whether counsel's acts or omissions were within the range of reasonable competence. [Citations and footnote omitted.]

*See also* Comment, *Ineffective Representation as a Basis for Relief from Conviction: Principles for Appellate Review,* Colum.J.L. & Soc.Probs. 1, 87–88 (1977). We agree with the California court's evaluation.

■ We recognize that no prior evidentiary hearing is necessary when "plain error" appears in the record. Alaska R.Crim.P. 47(b). We caution, however, that we will rarely find "plain error" where counsel may have had strategic reasons for engaging in the conduct in question. *Bangs v. State,* 663 P.2d 981, 984–86 (Alaska App.1983).

In this case the issue of effective assistance of counsel cannot be decided on the record preserved. Barry's appeal is representative of an increasing number of direct appeals raising the issue of ineffective assistance of counsel on inadequate records. The issue was not presented to the trial court, and findings of fact and conclusions of law were not adopted regarding each of the defendant's complaints. We have concluded that such claims cannot be effectively reviewed for the first time on appeal. In the absence of plain error, we will henceforth require that the question of ineffective assistance of counsel be argued first to the trial judge either in a motion for a new trial or an application for post-conviction relief. We recognize, however, that Barry

and others similarly situated may have omitted to present the issue to the trial court in reliance on *Risher v. State*, 523 P.2d 421, 425 n. 20 (Alaska 1974). Therefore we will only apply this new rule to appeals filed after the announcement of this decision. In appropriate cases presently pending on appeal we will remand the issue of ineffective assistance of counsel to the trial court to enable the parties to present their arguments and evidence. We therefore remand this case to the trial court for a hearing on Barry's claim of ineffective assistance of counsel.

In summary, henceforth we will not entertain claims of ineffective assistance of counsel on appeal unless the defendant has first moved for a new trial or sought post-conviction relief, supporting the claim with affidavits alleging facts which would establish a basis for relief. If defendant's affidavits establish a *prima facie* case of ineffective assistance of counsel, the state must then be given an opportunity to file counter affidavits; if material factual conflicts exist or the state requests an opportunity to cross-examine defendant's witnesses then an evidentiary hearing should be held. To the extent that Alaska Criminal Rule 33 places unreasonable time limitations on the presentation of this issue, the trial court should exercise its discretion pursuant to Criminal Rule 53 to provide reasonable time. *See Davidson v. State*, 642 P.2d 1383, 1389–90 (Alaska App. 1982).

## BARRY'S SEPARATE CONVICTIONS AND SENTENCES FOR KIDNAPPING AND SEXUAL ASSAULT

In Count I of the indictment Shawn Barry was charged with unclassified felony kidnapping pursuant to AS 11.41.-300(a)(1)(C), which makes it a crime to restrain a person with the intent to sexually assault her. In Count II of the indictment Barry was charged with sexual assault in violation of AS 11.41.410. Barry was convicted of both crimes and sentenced to concurrent prison terms of twenty years for the kidnapping and twenty years with five years suspended for the sexual assault. Barry recognizes that the supreme court has previously held that separate consecutive sentences for kidnapping and sexual assault did not violate the constitutional prohibition against double jeopardy. *See State v. Occhipinti*, 562 P.2d 348 (Alaska 1977). Barry argues, however, that changes in the elements of the crimes charged, resulting from the adoption of the revised code, render *Occhipinti* inapplicable.

Barry's argument is based largely upon AS 11.41.300(d), which provides an affirmative defense to an unclassified kidnapping charge when the defendant can prove by a preponderance of the evidence that he "voluntarily caused the release of the victim alive in a safe place before arrest, or within 24 hours after arrest, without having caused serious physical injury to the victim and without having [sexually assaulted the victim]." The successful assertion of this defense reduces the crime from an unclassified felony, punishable by a maximum term of ninety-nine years, AS 12.55.125(b), to a class A felony which subjects the defendant to a maximum term of twenty years, AS 12.55.125(c). Barry points out that this affirmative defense was unavailable to him because of his sexual assault conviction. Thus, he claims that sexual assault was a necessary element of his unclassified felony kidnapping conviction. Barry contends that Judge Van Hoomissen therefore erred in imposing a sentence on the assumption that Barry was subject to a maximum term of ninety-nine years for the kidnapping.

Barry relies on *Tuckfield v. State*, 621 P.2d 1350 (Alaska 1981), where the court held that sentences for both rape and a lesser-included offense, assault with intent to commit rape, could not be simultaneously imposed. Barry misconceives the effect of the *Tuckfield* holding, however, for there the court simply vacated the sentence for the lesser-included offense, leaving intact the sentence for the greater offense. A similar order in this case would still

require Barry to serve his kidnapping sentence of twenty years.

 It is not necessary for us to analyze *Tuckfield* further because we are satisfied that it has no application to the facts of this case. Whether to permit separate sentences for unclassified kidnapping and sexual assault is a question of legislative intent. *Missouri v. Hunter*, ⸺ U.S. ⸺, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). The legislature clearly did not intend to prevent simultaneous convictions for kidnapping as an unclassified offense and sexual assault. The affirmative defense was intended to encourage kidnappers to release their victims unharmed in the hope of obtaining a limited sentence. The mitigating factor is unavailable if the victim suffers either serious physical harm or sexual assault. R.J. was not released unharmed. Since the affirmative defense has no application to the facts of this case we need not consider it further.

### WAS BARRY'S SEXUAL ASSAULT SENTENCE EXCESSIVE?

Barry additionally argues that his sentence of twenty years with five suspended for sexual assault was excessive. At the time of the offense, first-degree sexual assault was a class A felony, former AS 11.41.410(b), punishable by not more than twenty years, former AS 12.55.125(c). The presumptive terms for second and third felony offenders for class A felonies were ten years and fifteen years respectively. AS 12.55.125(c)(2), (3). If the first felony offender used a firearm or caused serious physical injury, the presumptive term was six years. Former AS 12.55.125(c)(1).

 Presumptive sentencing provisions were inapplicable to Barry because he was a first offender and Judge Van Hoomissen could not determine whether a firearm had been used. We have examined the facts of this case and conclude that Judge Van Hoomissen was not clearly mistaken in imposing the sentences he did. Where a trial court imposes concurrent sentences for kidnapping and sexual assault, the two offenses cannot be considered in isolation but must be viewed together. *Cf. Waters v. State*, 483 P.2d 199, 202 (Alaska 1971) (sentences simultaneously imposed for sale of cocaine and armed robbery must be considered together in determining whether either is excessive.) When all the circumstances are considered we do not believe that Barry's total sentence of twenty years is clearly mistaken. *See Williams v. State*, 652 P.2d 478, 480 (Alaska App.1982); *Davis v. State*, 635 P.2d 481, 488 (Alaska App. 1981).

The judgment and sentence of the superior court are AFFIRMED. The case is REMANDED to the superior court for further proceedings regarding Barry's claim of ineffective assistance of counsel.