686 P.2d 737 (1984)
Michael DODD, Appellant,
v.
STATE of Alaska, Appellee.
No. A-271.
Court of Appeals of Alaska.
August 24, 1984.
*738 Steve Cole, Asst. Public Defender, Kodiak, and Dana Fabe, Public Defender, Anchorage, for appellant.
Susan S. McLean, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Kodiak, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.
Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION
SINGLETON, Judge.
Michael Dodd appeals from a judgment revoking his probation on a prior conviction for burglary in the first degree. Dodd argues that Judge Madsen erred in proceeding without an updated presentence report, Alaska R.Crim.P. 32(d), in failing to set out his reasons for revoking probation with particularity, AS 12.55.025(a)(2), and in imposing an excessive sentence. We affirm.
On November 19, 1981, a grand jury returned an indictment charging Dodd with two counts of burglary in the first degree, a class B felony, AS 11.46.300(a)(1). Dodd pled nolo contendere to count II and count I was dismissed. The maximum sentence for a class B felony is ten years' imprisonment. AS 12.55.125(d). Presumptive sentences are four years for a second felony offender and six years for a third felony offender. AS 12.55.125(d)(1), (2). Accepting the probation officer's recommendation, the trial court suspended imposition of sentence and placed Dodd on probation for three years. See AS 12.55.085. Dodd was subsequently convicted of bank robbery in federal district court. Judge Madsen revoked Dodd's probation on the burglary charge and imposed a sentence of four years with two years suspended. This sentence was made consecutive to the sentence imposed in federal court for the robbery conviction. Dodd's appeal followed.
Alaska Criminal Rule 32(d) provides that the "probation service shall make presentence investigation and report before the court imposes sentence or grants probation." In another context, the supreme court has held that ordering imprisonment following a probation revocation constitutes the "imposition of sentence." See Gilligan v. State, 560 P.2d 17, 19 (Alaska 1977). We therefore agree with Dodd that Criminal Rule 32(d) requires an updated presentence report prior to revocation of probation and the imposition of sentence.
When considering revocation of probation, a trial court must consider two factors. First, did the defendant commit an act justifying revocation of probation and, second, considering the totality of the circumstances, including the defendant's probation violations, does the defendant's rehabilitation and the protection of the community require imprisonment? See Holton v. State, 602 P.2d 1228, 1238-40 (Alaska 1979); Trumbly v. State, 515 P.2d 707, 709 (Alaska 1973). A current presentence report can be very helpful in deciding the second issue. See Egelak v. State, 438 P.2d 712, 714 (Alaska 1968). Consequently, we conclude that the trial court erred in failing to procure an updated presentence report prior to revoking Dodd's probation.
*739 We nevertheless conclude that the error was harmless. Alaska R.Crim.P. 47(a). Dodd's probation officer testified at length at the probation revocation hearing. The record reflects that he brought all of Dodd's records with him to the hearing. The officer's testimony shows that the primary reason he recommended revoking Dodd's probation was the felony conviction. Dodd had ample opportunity to cross-examine the probation officer regarding his opinion that Dodd's probation should be revoked.
Dodd makes two arguments regarding material that was not before the court that would have been included in an updated presentence report. First, he contends that a presentence report was prepared in federal court but was temporarily unavailable to counsel because of a claim of privilege and confidentiality. He argues that, given time, he could have obtained a copy of that updated report. Dodd was particularly anxious to present that report because he believed it indicated that his criminality was the product of treatable mental illness which might warrant a lenient sentence. Second, Dodd argues that he has lived a largely uneventful life, devoid of criminality. He contends that the prior burglary and the present bank robbery, when viewed in context, were atypical, spur of the moment events. He stresses that he has never used a firearm or other weapon or caused any victim personal injury. In support of this contention, Dodd disclosed the names of thirteen potential character witnesses, both within and outside of Alaska, arguing that they should be interviewed by the presentence officer. We do not believe that either of these concerns warrants a remand for preparation of a presentence report. If Dodd had a basis for arguing that treatable mental illness mitigated his offenses, he should have been prepared to present evidence to that effect at the hearing. By the same token, if he had character witnesses who had relevant information, he should have presented them at the hearing. Dodd's rather conclusory statements regarding these matters do not persuade us that Dodd was prejudiced by the absence of an updated presentence report at his hearing. Nevertheless, our disposition of this case does not preclude Dodd from bringing a Criminal Rule 35(a) motion in the trial court if he had evidence supporting his contentions. The resolution of such a motion would, of course, be within the discretion of the trial court.
We have reviewed the trial court's remarks and conclude that they adequately comply with AS 12.55.025(a)(2). The trial court was primarily concerned with Dodd's commission of a major felony while on probation. We agree that this factor supports revocation of probation. See Holton v. State, 602 P.2d at 1238 n. 18.
Finally, we are satisfied that a sentence of four years with two years suspended, consecutive to Dodd's federal robbery sentence, is not excessive. The sentence is substantially less than the presumptive sentence for a second felony offender convicted of a class B felony. Since Dodd was on probation at the time he committed the robbery for which he received the federal sentence, consecutive sentences are appropriate. See Daniels v. State, 584 P.2d 47, 49 (Alaska 1978); Tritt v. State, 625 P.2d 882, 886-87 (Alaska App. 1981). Cf. State v. Wortham, 537 P.2d 1117, 1121 (Alaska 1975) (indicating that a portion of the defendant's sentence should have been made consecutive to the federal sentence that he was already serving).
The sentence of the superior court is AFFIRMED.