Felipe HERNANDEZ, Jr., Appellant,

v.

STATE of Alaska, Appellee.

Nos. A–186, A–193.

Court of Appeals of Alaska.

Nov. 30, 1984.

Cathleen Connolly, Angstman Law Office, Inc., Bethel, for appellant.

Bryan E. Schuler, Asst. Dist. Atty., Bethel, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

On November 4, 1980, Felipe Hernandez, Jr. was convicted of perjury, a class B felony. AS 11.56.200(a). He received a sentence of three years with two and one-half years suspended and was placed on probation until November 4, 1983. This was case number A–193.

On October 1, 1983, Hernandez was convicted of one count of sale of alcohol and of one count of possession of alcohol for sale, class A misdemeanors. AS 4.11.010. For these two offenses he received concurrent sentences of 240 days with 120 days suspended and in addition was given concurrent fines of $3,000 with $2,000 suspended. This was case number A–186. Thereafter, based upon these liquor violations, Hernandez' probation for perjury in case number A–193 was revoked and he was required to serve the two and one-half years previously suspended consecutive to the sentences imposed for his liquor violations.

Hernandez appeals, raising three issues. First, he contends that the evidence was insufficient to convict him of the two liquor offenses in A–186 and that, therefore, his convictions in that case should not have been used as a basis to revoke his proba-

tion in A–193. Second, he contends that he received ineffective assistance of counsel in A–186 and, as a result, was entitled to a new trial, precluding use of those convictions to revoke his probation in A–193. Finally, he contends that the sentences imposed for his liquor violations and the sentence in the perjury case on revocation of probation were excessive, both when viewed in isolation and when viewed as a composite consecutive sentence. We will address Hernandez' contentions in order.

At the trial for the two liquor offenses, A–186, Greg Kilbuck testified that he purchased a bottle of Seagram's 7 whiskey from Hernandez after entering Hernandez' cab and driving with him to Hernandez' residence. Kilbuck testified that only he and Hernandez were in the cab during this transaction. Officer Chris Liu corroborated Kilbuck's testimony in part by testifying that he saw Kilbuck enter a cab driven by Hernandez without any other passengers and that he followed it to Hernandez' residence. Kilbuck was working with Liu as an undercover agent. Additional evidence established that two cases of Seagram's 7 were found hidden in Hernandez' residence and that receipts found on the premises indicated that Hernandez had purchased the whiskey in Anchorage and paid for its transportation to Bethel.

Hernandez seems to concede that this evidence viewed in isolation would sustain his convictions. He argues, however, that because it was impeached in part by Kilbuck's inconsistent testimony regarding the color of the cab in question and contradicted by Hernandez' alibi witnesses, the total evidence was insufficient to convict him beyond a reasonable doubt. We disagree. On this record contradiction and impeachment created issues for resolution by the jury. The jury heard the evidence and convicted Hernandez. The trial court did not err in denying Hernandez' motion for a directed verdict of acquittal. *See Dorman v. State,* 622 P.2d 448, 453 (Alaska 1981); *Maloney v. State,* 667 P.2d 1258, 1267 (Alaska App.1983). We are also convinced that any inferences of fact favorable to

Hernandez from the state's failure to wire Kilbuck for sound, failure to find the buy money on Hernandez, and failure to find Hernandez' fingerprints on the bottle of contraband whiskey were for the jury to consider.

Next, Hernandez argues that he did not receive effective assistance of counsel at trial. *See Risher v. State,* 523 P.2d 421, 424 (Alaska 1974). He contends that counsel's omissions fell into two categories. First, that she failed to call additional favorable witnesses, and second, that she failed to thoroughly examine the defendant's witnesses to elicit all information helpful to defendant. This issue is governed by our recent decision in *Barry v. State,* 675 P.2d 1292 (Alaska App.1984). In *Barry,* we said:

> [H]enceforth we will not entertain claims of ineffective assistance of counsel on appeal unless the defendant has first moved for a new trial or sought post-conviction relief, supporting the claim with affidavits alleging facts which would establish a basis for relief. If defendant's affidavits establish a *prima facie* case of ineffective assistance of counsel, the state must then be given an opportunity to file counter affidavits; if material factual conflicts exist or the state requests an opportunity to cross-examine defendant's witnesses then an evidentiary hearing should be held. To the extent that Alaska Criminal Rule 33 places unreasonable time limitations on the presentation of this issue, the trial court should exercise its discretion pursuant to Criminal Rule 53 to provide reasonable time.

*Id.* at 1296.

It does not appear that Hernandez moved for a new trial or sought post-conviction relief in the trial court. We therefore decline to consider his claim of ineffective assistance of counsel at this time. Further, we are satisfied that counsel's actions could have been strategic and in no event could be characterized as "plain error." *See id.* at 1295.

In *Barry* we concluded that in fairness to the parties, appeals filed prior to publica-

tion of our decision would be handled by a remand to the trial court to permit defendants to raise their ineffective assistance of counsel claims. *Id.* at 1296. The *Barry* decision was published on February 3, 1984. While Hernandez' opening briefs in A–186 were filed February 21, 1984, his appeal was filed on October 27, 1983. Under these circumstances, we will assume that appellate counsel did not have sufficient opportunity to learn of *Barry* and comply with its requirements. We will therefore remand this case to the district court to permit Hernandez to litigate his claim of ineffective assistance of counsel. If the district court grants Hernandez a new trial, then he should move directly in the superior court for post-conviction relief. *See Oksoktaruk v. State,* 619 P.2d 480 (Alaska 1980) (where probation is revoked based upon a criminal conviction that is later set aside, order revoking probation should be set aside as well). *See also McBeth v. State,* 652 P.2d 120, 126 (Alaska App.1982).

█ Finally, Hernandez contends that the trial court imposed an excessive sentence for his liquor violations. We disagree. Judge Curda carefully considered the record in light of the standards established in *State v. Chaney,* 477 P.2d 441 (Alaska 1970). The only factor he did not mention was "isolation" which he apparently considered irrelevant in light of Hernandez' record. Judge Curda stressed deterrence of self and others and affirmation of community norms. He considered bootlegging among the most serious of misdemeanors, partly because of the difficulty of proof, partly because of the substantial profit bootleggers can earn, partly because of the widespread practice of bootlegging in Bethel, but primarily because of the tremendous spinoff effects of bootlegging. He noted that as coroner he had seen many accidental deaths traceable to excessive use of alcohol, mentioning specifically drowning and freezing to death. He also mentioned that as a judge trying criminal cases he noted the frequency with which alcohol played a part in the commission of crimes. He gave serious consideration to Hernan-

dez' rehabilitation, recognizing that he had been a good probationer except for his alcohol offenses and that he had a family who in part depended upon him. Nevertheless, Judge Curda was impressed by the fact that Hernandez' liquor violations occurred while he was on felony probation and concluded that rehabilitation as well as personal deterrence would be served by a period of jail time followed by a substantial period of suspended time. Given Judge Curda's careful consideration of the evidence and careful weighing of the *Chaney* factors, we find the concurrent sentences of 240 with 120 days suspended and concurrent fines of $3,000 with $2,000 suspended not clearly mistaken. *See McClain v. State,* 519 P.2d 811 (Alaska 1974).

In his appeal of the probation revocation in A–193, Hernandez argues that the imposition of the entire two and one-half years previously suspended on the perjury conviction based merely on two connected misdemeanor liquor offenses was excessive. Hernandez relies primarily upon the testimony of Dan Carothers, his probation officer, who recommended a sentence of six months consecutive to the liquor sentences, and notes that the district attorney did not request imposition of the entire time previously suspended but only "a major portion." Hernandez contends that the court relied unduly on deterrence of others and affirmation of community norms, and that it is unfair to punish him for the crimes of others simply because bootlegging is a difficult crime to prosecute and punish. Hernandez also argues that he received an extremely severe sentence in A–186, that his probation was revoked solely based upon those convictions, and consequently he is being doubly punished by revocation of probation and imposition of all of the previously suspended time.

█ In *Gilligan v. State,* 560 P.2d 17, 19 (Alaska 1977), the court said:

Although a probation revocation hearing is not a criminal proceeding in the sense that indictment, jury trial and proof beyond a reasonable doubt are required, it

is necessarily an outgrowth of the initial criminal case. The substance of the court's action [in revoking probation] was to require one at conditional liberty, although under probation, to be imprisoned for another [period of time]. This was a "sentence of imprisonment lawfully imposed" within the meaning of the statutes providing for sentence review. [Footnotes omitted.]

Treatment of the imposition of previously suspended time as a sentence has two corollaries. First, the trial court should obtain an updated presentence report prior to imposing sentence. *See* Alaska R.Crim.P. 32(d). Second, the trial court should consider all of the standards adopted in *State v. Chaney*, 477 P.2d at 444. *See Gilligan v. State*, 560 P.2d at 19 (discussing relevance of *Chaney* criteria to sentences imposed on revocation of probation). In this case, Judge Cooke did not obtain an updated presentence report and did not specifically discuss the *Chaney* criteria in imposing the previously suspended time. However, under the circumstances, we conclude that any error was harmless.

Hernandez did not request an updated presentence report or object to its absence. Mr. Carothers, Hernandez' probation officer, was sworn as a witness and was examined by both the prosecution and the defense regarding Hernandez' activities on probation. It was specifically pointed out that Hernandez had received psychiatric treatment and marriage counseling subsequent to his original conviction. It was also pointed out that he had been warned by his probation officer that he should not engage in bootlegging and that if he did his probationary status would be jeopardized. Under these circumstances we conclude that the failure to obtain an updated presentence report was harmless error.

We are also satisfied that Judge Cooke's failure to specifically mention the *Chaney* criteria was harmless. It is clear from his sentencing remarks that he considered Hernandez' rehabilitation, but was primarily concerned with affirmation of community norms, deterrence of Hernandez, and deterrence of others. He recognized the seriousness of bootlegging as an offense and the need to make it clear to others that those on felony probation could not engage in liquor violations and escape substantial sanction. Finally, he rejected the probation officer's recommendation of six months' additional time, saying:

> I don't think that revoking merely six months of that period would send the appropriate message to Mr. Hernandez regarding future conduct, or to others that might be on probation, or just in the community, and inclined to engage in the same kind of illegal but lucrative behavior.

Perjury is a class B felony. AS 11.56.-200(a). When we take into account the sentences for the liquor violations to which the sentence in A–193 was made consecutive, Hernandez faces a composite sentence of almost three years, substantially less than the presumptive sentence for a second offender convicted of a class B felony. *See* AS 12.55.125(d)(1). It was therefore not necessary for Judge Cooke to specifically justify consecutive sentences. *Lacquement v. State*, 644 P.2d 856, 862 (Alaska App.1982).[1] It is not unreasonable to impose a sentence on revocation of probation consecutively to a sentence imposed for crimes committed while on probation. In summary, in light of the totality of the circumstances, we do not find the sentence imposed clearly mistaken. *McClain v. State*, 519 P.2d 811 (Alaska 1974).

The judgments of the superior court and the district court are AFFIRMED in part

---

1. Hernandez' perjury conviction was his first felony conviction. He was therefore not subject to presumptive sentencing. Nevertheless, in *Austin v. State*, 627 P.2d 657 (Alaska App.1981), we held that a first offender should receive a more favorable sentence than a similarly situated second offender who was subject to presumptive sentencing. Similar concerns lead us to conclude that *Lacquement's* limitations on consecutive sentencing should apply to first offenders so that if a particular consecutive sentence would be inappropriate for a second offender, *a fortiori* it would be inappropriate for a first offender.

and the issue of ineffective assistance of counsel is REMANDED to the district court for further proceedings. Should Hernandez prevail on the issue of ineffective assistance of counsel and obtain a new trial, he may apply directly to the superior court pursuant to Criminal Rule 35(c)(5) for relief from the probation revocation in A-193.

BRYNER, Chief Judge, dissenting in part and concurring in part.

An order revoking probation and reinstating a previously suspended term of imprisonment constitutes the imposition of a criminal sentence. *Gilligan v. State*, 560 P.2d 17, 19 (Alaska 1977). Consequently, in revoking probation in this case, the superior court was under an obligation to accord Hernandez the same procedural safeguards to which Hernandez was entitled at his original sentencing hearing. Under Criminal Rule 32(d), preparation of a presentence report was required for use by the sentencing court. *Dodd v. State*, 686 P.2d 737 (Alaska App.1984). Additionally, in determining the amount of suspended time to reinstate, the court was required to consider and apply the *Chaney* sentencing criteria.[1] *Gilligan v. State*, 560 P.2d at 19. And Hernandez was entitled to a full explanation of his sentence. *See Houston v. State*, 648 P.2d 1024, 1027 (Alaska App. 1982).

I am unable to conclude that the superior court's failure to order preparation of an updated presentence report constitutes harmless error in this case.[2] Without knowing what relevant information an updated presentence report might have revealed, it is difficult for me to conclude that preparation of a report would not have affected the superior court's consideration and application of the *Chaney* criteria.[3]

I am further unable to conclude that the sentencing court appropriately considered the *Chaney* sentencing criteria prior to imposing Hernandez' felony sentence or that the court adequately explained Hernandez' sentence in light of those criteria. After independently reviewing the sentencing record, I am simply not convinced that the sentencing court believed the *Chaney* criteria even to be applicable to Hernandez' probation revocation proceedings.

Under the circumstances, I believe the appropriate course for this court would be to remand Hernandez' case for preparation of a presentence report and for resentencing on the felony count. In all other respects, I concur in the court's decision of this case.

---

1. *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970).

2. The majority decision emphasizes that preparation of a presentence report was not requested by Hernandez. However, unlike the adversary setting of a trial, where guilt is at issue, a sentencing hearing is a proceeding in which paramount importance must be placed on the court's need to obtain all relevant and reliable information concerning the defendant. *See Elson v. State*, 659 P.2d 1195, 1202 (Alaska 1983). Accordingly, in my view, preparation of a presentence report is not the type of procedural right that a defendant can waive for tactical purposes. Thus, I do not consider the absence of a request in this case to be determinative, even assuming the decision to forego preparation of a report was a tactical one. Moreover, my review of the record discloses no reason to believe that the absence of a request in this case was tactical and not simply an oversight.

3. A substantial period of time had elapsed since Hernandez was originally sentenced, and he had apparently undergone significant changes in his life since that time. In any event, it appears from the record that the sentencing court did not have an opportunity to review the original presentence report fully prior to ordering Hernandez reincarcerated. Significantly, the court elected to reject the verbal recommendations of Hernandez' probation officer, who recommended a sentence of six months' imprisonment for the probation revocation.