NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

RONALD DEAN SACKETT,

                  Appellant,

          v.

STATE OF ALASKA,

                  Appellee.

Court of Appeals No. A-13716
Trial Court No. 3KN-10-01858 CR

O P I N I O N

No. 2733 — September 23, 2022

Appeal from the Superior Court, Third Judicial District, Kenai, Jason M. Gist, Judge.

Appearances: Elizabeth D. Friedman, Law Office of Elizabeth D. Friedman, Prineville, Oregon, under contract with the Office of Public Advocacy, Anchorage, for the Appellant. Ann B. Black, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge HARBISON.

Ronald Dean Sackett appeals the trial court's denial of his motion to correct an illegal sentence. Sackett argues that he was denied the right to counsel. We agree,

and we therefore vacate the trial court's order denying Sackett's motion and remand this case to the trial court for renewed consideration of the motion.

*Background facts*

Sackett was convicted, following a guilty plea, of one count of attempted first-degree sexual abuse of a minor. The trial court imposed a sentence of 30 years' incarceration. Sackett subsequently filed a motion to correct an illegal sentence, arguing *inter alia*, that the sentence imposed by the trial court exceeded the maximum sentence authorized by law.[1] He also filed a motion for court-appointed counsel.[2]

In response, the trial court issued an order appointing the Alaska Public Defender Agency to represent Sackett and holding the underlying motion in abeyance. The court ordered Sackett's attorney to file, within sixty days, "a statement of intent to adopt Sackett's Motion [to Correct an Illegal Sentence] as is, an amended motion on Sackett's behalf, or a rule 35(e) certificate that Sackett is not entitled to relief."[3]

After a period of delay during which the Public Defender Agency failed to comply with this order, the trial court scheduled a hearing and ordered the Agency to appear and show cause as to why it should not be held in contempt of court.[4] An

---

[1]  *See* Alaska R. Crim. P. 35(a) (allowing a court to correct an illegal sentence at any time).

[2]  *See* Alaska R. Crim. P. 35(e).

[3]  *See id.*

[4]  This was the second time the trial court ordered the Public Defender Agency to show cause. At the outset, the Agency did not comply with the court's order to file a statement of intent within sixty days, and the court therefore scheduled a show cause hearing. At the hearing, a representative of the Agency stated that the Agency might not have received the appointment paperwork. After this, the trial court reissued the appointment paperwork and

(continued...)

attorney from the Agency appeared at this hearing. This attorney told the court that the Agency had a conflict of interest and would be withdrawing from representing Sackett. The lawyer noted that the case would be sent to the Office of Public Advocacy (OPA), but that he did not know whether the matter would be handled by one of OPA's staff attorneys or a conflict counsel.

Hearing this, the court announced that once a new attorney was appointed, it would "re-issue the order [it] issued before, just to . . . tell counsel to meet with Mr. Sackett to review the filings and . . . figure out where we're going to go on any of this." The court scheduled another status hearing for approximately one month later, explaining, "[I]f I just waited for OPA to have somebody enter an appearance, [the case] would fall off the radar . . . . So I'm going to set [the status hearing] for March 20th. Hopefully, OPA will have entered their appearance by then and then we can get OPA up to speed on what needs to be done."

But no substitute attorney filed an entry of appearance on behalf of Sackett, and no defense attorney appeared at the March 20 hearing. Sackett was also absent. The court nevertheless conducted an *ex parte* hearing, telling the district attorney that Sackett had filed an application for post-conviction relief which raised the same claims that were at issue in the pending motion to correct an illegal sentence. The court explained that it was inclined to consolidate the pending motion to correct an illegal sentence into the post-conviction relief action.

In response, the district attorney asked the court to instead deny the pending motion to correct an illegal sentence, but to note in its denial order that the issues raised in the motion could be litigated in the post-conviction relief action. The court agreed to

---

4 (...continued)
scheduled a status hearing. But at the status hearing, no representative of the Agency appeared, and the court issued the second order to show cause.

this course of action. The court subsequently issued a written order denying Sackett's motion to correct an illegal sentence, noting that Sackett was not precluded from litigating his illegal sentence claim in the post-conviction relief case.

This appeal followed.

*Why we reverse the trial court's order denying Sackett's motion*

Sackett has framed his appeal as a challenge to the trial court's decision to deny his motion before his court-appointed attorney had reviewed his case or entered an appearance. As we are about to explain, we agree with Sackett that the trial court violated his right to counsel in this case. But we are also troubled by a second aspect of this case: the trial court's decision to proceed with a substantive hearing on March 20 even though neither Sackett nor his counsel was present.[5] We conclude that the trial court should not have discussed Sackett's motion with the district attorney during a hearing that was conducted outside the presence of Sackett and his counsel, and it similarly should not have then denied Sackett's motion without giving him notice of its intention to do so and an opportunity to be heard.

In his briefing to this court, rather than focusing on the improper *ex parte* nature of the court's order, Sackett argues that the trial court violated his right to counsel. Sackett contends that he was entitled to the assistance of counsel to litigate his illegal sentence motion and that this right was violated when the trial court appointed the Public Defender Agency to represent him but then denied his motion before an attorney from

---

[5] *See* Alaska Code of Judicial Conduct Canon 3B(7) (generally barring *ex parte* communications regarding pending litigation); *see also State v. Dussault*, 245 P.3d 436, 440 (Alaska App. 2011) (noting that, as a general rule, it is improper for a judge to communicate about pending litigation outside the presence of the parties).

the Agency or OPA reviewed his case, conferred with him, or made an appearance on his behalf.

The State does not dispute that Sackett had a right to court-appointed counsel to litigate his illegal sentence motion.[6] Instead, the State claims that Sackett's right to counsel was satisfied when the trial court appointed the Public Defender Agency to represent him, and then transferred the case to OPA when the Agency informed the court that it had a conflict. Under these circumstances, the State contends, Sackett's constitutional right to counsel was satisfied, and, if Sackett takes issue with the quality of his representation (*i.e.*, the fact that neither agency ever assigned an attorney to represent Sackett or review his case), he must file an application for post-conviction relief arguing that his "attorney" (*i.e.*, the agency assigned to represent him) was ineffective.[7]

But Sackett was completely denied the right to counsel. While it is true that a claim of ineffective assistance of counsel must generally be raised in an application for post-conviction relief, a claim that a defendant was completely denied the right to counsel can be raised on direct appeal and, if successful, requires reversal regardless of prejudice.[8]

As the United States Supreme Court wrote more than eighty years ago, "The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal

---

[6] *See* Alaska R. Crim. P. 35(e); *Belknap v. State*, 426 P.3d 1156, 1160 (Alaska App. 2018) (holding that the right to counsel in a criminal case extends to post-judgment motions).

[7] *See Barry v. State*, 675 P.2d 1292, 1295-96 (Alaska App.1984) (noting that ineffective assistance of counsel claims generally cannot be effectively reviewed on direct appeal).

[8] *See Weaver v. Massachusetts*, 137 S. Ct. 1899, 1908 (2017) (explaining that it is structural error when an indigent defendant is denied an attorney (citing *Gideon v. Wainwright*, 373 U.S. 335, 343-45 (1963))).

appointment."[9]  Thus, a trial court's duty to appoint counsel "is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case."[10]  Denying appointed counsel the opportunity to consult with the accused and to prepare a defense may "convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel."[11]

In this case, the trial court denied Sackett's motion to correct an illegal sentence at an *ex parte* hearing — after the Public Defender Agency told the court that OPA would be substituting as counsel for Sackett and before any attorney had entered an appearance on Sackett's behalf.  Although the court stated that it would require Sackett's new attorney to meet with Sackett to review the filings and determine an appropriate course of action, the court instead denied the motion without any notice to Sackett or his new attorney.  This was nothing more than "mere formal appointment" of counsel.  In fact, given the *ex parte* nature of the hearing, it barely qualifies as that.  We accordingly must vacate the trial court's denial of Sackett's motion.

As we have explained, this would be necessary even in the absence of prejudice to Sackett.  But here, there was the potential for prejudice.  Under Alaska Criminal Rule 35(e), an attorney appointed to represent a defendant on an illegal sentence motion must either pursue the motion or certify to the court that the attorney has reviewed the facts and law related to the sentence and has determined that a motion

---

[9]  *Avery v. Alabama*, 308 U.S. 444, 446 (1940).

[10]  *Powell v. Alabama*, 287 U.S. 45, 71 (1932).

[11]  *Avery*, 308 U.S. at 446.  Thus, the Alaska Supreme Court has determined that the right to assistance of counsel of necessity includes the concomitant right for counsel "to have a reasonable time in which to prepare."  *Klockenbrink v. State*, 472 P.2d 958, 965 (Alaska 1970).

would not warrant relief by the court. By contrast, Criminal Rule 35.1(e)(2) allows a court-appointed attorney to file an amended application for post-conviction relief, abandoning any or all claims identified by the client and substituting any stronger claims that have been identified by the attorney.

Thus, the attorney appointed to represent Sackett in his post-conviction relief claim is free to abandon his illegal sentence claims in favor of other stronger claims, while an attorney appointed to represent him for purposes of pursuing an illegal sentence claim under Criminal Rule 35(a) would not have been free to abandon any and all illegal sentence claims without preparing a no-merit certificate. In other words, the trial court's denial of Sackett's motion to correct an illegal sentence could have prevented Sackett from obtaining a ruling on the merits of an illegal sentence claim.[12]

For these reasons, we conclude that the trial court's actions deprived Sackett of his right to counsel, and we accordingly vacate the trial court's order and remand for further proceedings.

*Conclusion*

We VACATE the trial court's order denying Sackett's motion to correct an illegal sentence and closing the case, and we REMAND this case to the trial court for renewed consideration of Sackett's motion in conformity with this opinion.

---

[12] While at least one of the claims Sackett raises in his *pro se* motion appears to be an illegal sentence claim properly brought under Criminal Rule 35(a), several of his claims may not fall within the this rule and instead should be pursued in a post-conviction relief proceeding. Because we are remanding this matter for further proceedings, the question of which of Sackett's claims may be pursued under Criminal Rule 35(a) may be litigated during the trial court proceedings.