**Ronald LARABY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A-533.**

Court of Appeals of Alaska.

Dec. 20, 1985.

Lawrence Z. Ostrovsky, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

In the present case, we must determine whether a person charged with attempted kidnapping is entitled to assert a partial defense when the intended victim of the crime is voluntarily released unharmed.

Ronald Laraby was convicted of one count of attempted kidnapping, in violation of AS 11.31.100(a) and AS 11.41.300(a).[1] The evidence at trial established that Laraby accosted his victim, J.P., while J.P. was walking to work at the University of Alaska. Laraby grabbed J.P. and instructed her to move into some nearby bushes. When J.P. refused, Laraby jabbed something into her back, told her not to yell, and

---

1. AS 11.31.100(a) provides:
    (a) A person is guilty of an attempt to commit a crime if, with intent to commit a crime, the person engages in conduct which constitutes a substantial step toward the commission of that crime.
   AS 11.41.300(a)(1)(C) provides:
    (a) A person commits the crime of kidnapping if

(1) The person restrains another with intent to

.    .    .    .    .

(C) Inflict physical injury upon or sexually assault the restrained person or place the restrained person or third person in apprehension that any person will be subject to serious physical injury or sexual assault....

repeated his demand. However, J.P. noticed an approaching pedestrian, began screaming, and hit Laraby. Laraby released J.P. and ran away.

At his trial, Laraby contended that he was entitled to an instruction that would have allowed the jury to decide whether he had voluntarily released J.P. unharmed. Laraby's contention was predicated on his interpretation of the statutes governing the offenses of kidnapping and attempt.

Kidnapping is governed by AS 11.41.300. Subsection (a) of that statute describes the elements of the offense. Under subsection (c), the offense is designated as an unclassified felony, but this designation is made subject to the exceptions stated in subsection (d). Under subsection (d), "[i]n a prosecution for kidnapping, it is an affirmative defense which reduces the crime to a class A felony that the defendant voluntarily caused the release of the victim unharmed...."

Although Laraby was charged with attempted kidnapping rather than with kidnapping, he maintained below that he was nonetheless entitled to the partial defense established in subsection (d). Laraby pointed out that, under the general attempt statute, the seriousness of an attempt is determined by the seriousness of the completed crime that is attempted. The general attempt statute, AS 11.31.100(d), provides, in relevant part, that "an attempt is a (1) class A felony if the crime attempted is an unclassified felony; (2) class B felony if the crime attempted is a class A felony...." Laraby argued that, if he had committed the completed offense of kidnapping and the jury found that he voluntarily released J.P. unharmed, he would have been subject to conviction under AS 11.41.300(d) only for a class A felony. Thus, Laraby reasoned,

if the jury found that he voluntarily released J.P. unharmed after committing an attempt, he would be subject to conviction only for a class B felony. The trial court rejected Laraby's argument. He now renews it on appeal.

In *Galbraith v. State,* 693 P.2d 880 (Alaska App.1985), we considered and rejected an argument virtually identical to the one now advanced on appeal by Laraby. While our decision in *Galbraith* was narrowly grounded on the language of the general attempt statute as it existed at the time of Galbraith's offense,[2] we believe our conclusion in that case should apply here. As we noted in *Galbraith,* in creating a partial affirmative defense for kidnapping cases, "[t]he legislature hoped to encourage release of kidnap victims unharmed by differentiating between classes of offense on this basis." *Galbraith,* 693 P.2d at 881 n.2. Arguably, this legislative incentive is to a large extent unnecessary to attempted kidnapping cases. Moreover, in *Galbraith* we found that the statutory provisions then in existence unequivocally limited the affirmative defense to the completed crime of kidnapping. While subsequent changes have made the statutory language less specific, those changes appear to have been wholly unrelated to any desire for a change in the scope of the affirmative defense. *See Galbraith,* 693 P.2d at 881–82.

Under the plain language of AS 11.41.-300(d), the partial affirmative defense for voluntary release of the victim applies only "[i]n a prosecution for kidnapping." Laraby was prosecuted for attempted kidnapping rather than for kidnapping. We conclude that AS 11.41.300(d) was inapplicable to his case.[3]

The conviction is AFFIRMED.

2. At the time of Galbraith's offense, Alaska's general attempt provision, AS 11.31.100(d), stated that "[a]n attempt is a class A felony if the crime attempted is ... kidnapping." Alaska Statute 11.31.100(d) now provides, in more general terms, that an attempt to commit an unclassified felony is a class A felony, and an attempt to commit a class A felony is a class B felony. We noted the possible implications of this statu-

tory change in ·*Galbraith v. State,* 693 P.2d at 881–82.

3. As an adjunct to his argument with respect to AS 11.41.300(d), Laraby implies but does not clearly argue that he should have been entitled to an instruction under AS 11.31.100(c), which independently creates a complete affirmative defense to a charge of attempt where the accused voluntarily renounces all criminal intent

and prevents commission of the attempted crime. No instruction on this defense was requested by Laraby at trial. Moreover, the defense was inconsistent with Laraby's claim of alibi. Finally, there is no evidence in the record from which reasonable persons could conclude that Laraby voluntarily renounced his criminal intent and prevented the commission of his attempted crime. Under these circumstances, the trial court's failure to instruct on AS 11.31.100(c) did not constitute error.

Laraby does separately argue that the trial court erred in failing to give a *sua sponte* instruction to the jury on the lesser-included offense of fourth-degree assault. No request was made for such an instruction, and, in a post-trial evidentiary hearing, Laraby's trial counsel testified that his decision not to request a lesser-included offense instruction was deliberate. The state concedes that, under the evidence presented at trial, fourth-degree assault would have been a lesser-included offense of kidnapping. Assuming the concession to be meritorious, we find no plain error under these circumstances.