**Mohammad ALAM, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–3239.

Court of Appeals of Alaska.

June 1, 1990.

Linda K. Wilson, Asst. Public Defender and John B. Salemi, Public Defender, Anchorage, for appellant.

Tonja Woelber, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

This is the second time that this case has been before us. In *Alam v. State*, 776 P.2d 345 (Alaska App.1989), we reversed Mohammad Alam's conviction of kidnapping, an unclassified felony, in violation of AS 11.41.300(a)(1)(C). We found that there was insufficient evidence to warrant his conviction. *Alam*, 776 P.2d at 350. The facts are set out in our earlier opinion and need not be repeated here in detail. However, a brief summary might be helpful. While driving an automobile, Alam accosted a pedestrian, J.A., who was walking by the side of the road. He sought, unsuccessfully, to have her get into his vehicle, eventually blocking her path with the vehicle. In order to avoid him, J.A. climbed over a fence and ran into an adjoining yard. Alam followed her and a brief struggle ensued. J.A.'s screams attracted the attention of neighbors and Alam fled.

Alam was prosecuted under AS 11.41.300 which provides in relevant part:

> *Kidnapping.* (a) A person commits the crime of kidnapping if
>
> (1) the person restrains another with intent to
>
> . . . .
>
> (C) inflict physical injury upon or sexually assault the restrained person or place the restrained person or a third person in apprehension that any person will be subjected to serious physical injury or sexual assault. . . .

This statute must be considered together with the definition of the term "restrain" which is found in AS 11.41.370 and which provides in relevant part:

> *Definitions.* In AS 11.41.300–11.41.-370, unless the context requires otherwise,
>
> . . . .
>
> (3) "restrain" means to restrict a person's movements unlawfully and without consent, so as to interfere substantially with the person's liberty by moving the person from one place to another or by confining the person either in the place where the restriction commences or in a place to which the person has been moved; a restraint is "without consent" if it is accomplished
>
> . . . .
>
> (B) by force, threat, or deception.

We concluded that Alam's restraint of J.A., by blocking her movements with his automobile and by temporarily struggling with her was at most incidental to an attempt to sexually assault or physically assault her and, consequently, could not, as a matter of law, constitute kidnapping. *Alam*, 776 P.2d at 350.

In remanding the case to the superior court for further proceedings we said:

> The jury in this case was instructed on two lesser-included offenses: attempted kidnapping and assault in the fourth degree. The parties have not argued the appropriateness, if the kidnapping conviction is reversed, of entering judgment on one of these lesser-included offenses on remand. We therefore conclude that

that issue should first be considered by the trial court. The trial court has authority, if the state so requests and the defendant would not be unfairly prejudiced, to order the entry of judgment of conviction on one of the lesser-included offenses. Before doing so, the trial court must be satisfied that the jury must have convicted Alam of the lesser offense in order to have convicted him of kidnapping.

*Id.* (citation omitted). We cautioned however:

> We recognize that the jury's invalid verdict of guilty on the kidnapping charge may not have encompassed a valid verdict of guilty on attempted kidnapping. It is not clear that the jury understood that restraint that was merely incidental to a sexual or physical assault could not constitute kidnapping or attempted kidnapping. The state argues that the jury had to find that Alam did not intend to molest J.A. at the scene, but rather intended to force her into his car and take her to another location and assault her there. If the jury found in conformity with the state's theory, it is possible that Alam was necessarily convicted of attempted kidnapping. Resolution of the question will require the parties to review the jury instructions and the arguments of counsel. The trial court will then be in a position to decide the issue.

*Id.* at 350 n. 4.

On remand, Superior Court Judge Peter A. Michalski heard arguments from the parties and entered judgment against Alam on the lesser-included offense of attempted kidnapping. AS 11.41.300(a)(1)(C); AS 11.-31.100.[1]

■ On appeal, Alam argues that it was error to enter a judgment of conviction against him for attempted kidnapping because the invalid verdict of guilty on the kidnapping charge also necessitated a judgment of acquittal on attempted kidnapping.

In response, the state partially concedes error. The state notes that in final argument the prosecutor argued that Alam was guilty of kidnapping because his restraint of J.A. on the street and in the yard, although brief, was sufficient for conviction if he intended to assault her. The state also notes that the jury was not instructed that the restraint necessary for kidnapping had to be more than "incidental" to the ulterior crimes of physical or sexual assault. In the state's view, the jury instructions and the arguments of counsel focus the jury's attention on what happened in the yard, and on the street, and it is reasonably possible that the jury returned a flawed kidnapping conviction without considering the factual basis for a proper attempted kidnapping conviction. The state concedes that the verdict in this case did not encompass a valid finding of guilt of attempted kidnapping and, consequently, Alam's conviction of attempted kidnapping should be vacated. The state argues, however, that there was sufficient evidence presented that would have permitted a properly instructed jury to return a verdict of guilt against Alam for attempted kidnapping.

Despite the state's concession of error, we must independently review the record to determine whether the concession is well-founded. *Marks v. State,* 496 P.2d 66, 67–68 (Alaska 1972). Our review of the record satisfies us that the parties are correct and that the jury instructions and arguments of counsel make it impossible for us to conclude that the jury necessarily found Alam guilty of attempted kidnapping under a proper understanding of the law. In order to convict Alam of attempted kidnapping under the theory presented by the state, the state would have to show two separate intents or components of *mens rea.* First, the state would have to prove beyond a reasonable doubt that Alam intended to physically or sexually assault J.A.; and, second, that in doing so he intended to restrain her either temporarily or

---

1.  Alaska Statute 11.31.100 provides in relevant part:

*Attempt.* (a) A person is guilty of an attempt to commit a crime if, with intent to commit a crime, the person engages in conduct which constitutes a substantial step toward the commission of the crime.

spatially beyond what was necessary to commit sexual or physical assault. *Compare Alam*, 776 P.2d at 347–49 (discussing requisites for a kidnapping conviction) *with State v. Thomas*, 525 P.2d 1092, 1094 (Alaska 1974) *and Baden v. State*, 667 P.2d 1275, 1277–78 (Alaska App.1983) (discussing requisites for an attempted sexual assault conviction). In addition, the state would have to show that Alam engaged in conduct which constituted a substantial step toward the commission of the crime of kidnapping. AS 11.31.100(a).

As we noted in *Alam*, it is important that a jury understand that every sexual assault or physical assault, and by extension, every armed robbery, is not a kidnapping even though virtually every sexual and physical assault and virtually every armed robbery require substantial restraint of the victim. By the same token, it is important that a jury understand that every attempted sexual assault, attempted physical assault, or attempted armed robbery does not necessarily involve an attempted kidnapping. In order to make these distinctions clear, it is important that the jury be properly instructed that conviction of attempted kidnapping under AS 11.41.300(a)(1)(C) and AS 11.31.100 requires a dual intent (1) to physically or sexually assault the victim and (2) to restrain the victim beyond what was necessary to effectuate the assault. Since the jury was not properly instructed in this case and since the arguments of counsel would have permitted a kidnapping conviction without the necessary findings by the jury, the attempted kidnapping conviction in this case cannot stand and this case must be remanded for further proceedings.[2]

■ We are next faced with the question whether the evidence presented in Alam's trial would have permitted a properly instructed jury to convict him of the offense of attempted kidnapping. In considering this issue, we review the evidence in a light most favorable to the state and ask whether a reasonable jury could find guilt beyond a reasonable doubt. *Alam*, 776 P.2d at 347. When we apply this test, we are satisfied that a jury could have convicted Alam of attempted kidnapping. Construed most favorably to the state, the evidence would have permitted the jury to infer that Alam wished to have sexual relations with J.A. and that he intended to force her into his car so that he could drive her to another location to accomplish his purpose.

At Alam's request, we have considered the decision of the Supreme Court of Kentucky in *Gilbert v. Commonwealth*, 637 S.W.2d 632 (Ky.1982), *cert. denied*, 459 U.S. 1149, 103 S.Ct. 794, 74 L.Ed.2d 998 (1983). Kentucky's law seems to be similar to Alaska's in precluding a kidnapping conviction where a defendant confines his victim incidental to some ulterior crime such as physical or sexual assault. The Kentucky legislature had adopted a statute providing a specific exemption to a kidnapping conviction under such circumstances. The Kentucky Supreme Court had interpreted the exemption so that "if the victim of a crime is going to be restrained of his liberty in order to facilitate its commission, the restraint will have to be close in distance and brief in time in order for the exemption [precluding a kidnapping conviction] to apply." *Id.* at 635 (quoting *Timmons v. Commonwealth*, 555 S.W.2d 234, 241 (Ky. 1977)). The court stressed that it was applying a case-by-case analysis to determine the applicability of the exemption. The court concluded:

> In examining [several situations in reported cases], we see that at some point when this court has determined that the restraint has progressed beyond that which occurs immediately with and incidental to the commission of an offense,

**2.** Our conclusion in this case is not inconsistent with decisions we have reached affirming attempted kidnapping convictions in *Laraby v. State*, 710 P.2d 427 (Alaska App.1985) and *Galbraith v. State*, 693 P.2d 880 (Alaska App.1985). In those cases, we were concerned with the applicability of an affirmative defense to kidnapping where the victim was released unharmed as provided in AS 11.41.300(d). We held the defense inapplicable to attempted kidnapping. *Laraby*, 710 P.2d 428; *Galbraith*, 693 P.2d at 881–82. The issues of the sufficiency of the evidence or of proper jury instructions on the issue of attempted kidnapping were not decided in those cases.

such as rape and robbery, the offender is guilty of kidnapping and the exemption statute does not apply. Once the restraint goes beyond the "immediate and incidental restraint," it is kidnapping or unlawful imprisonment. In this additional step that authorizes a kidnapping conviction there is no room to insert the offense of attempted kidnapping. In our examination of the [various situations], we do not see, nor can we visualize, a situation where there could be a charge of attempted kidnapping or unlawful imprisonment where the exemption statute is involved.

*Id.* at 635.

We decline to follow the reasoning of the Kentucky court. In our view, a jury could properly find attempted kidnapping if it found the dual intent which the statutes require accompanied by "conduct which constitutes a substantial step toward the commission of [the crime of kidnapping]." AS 11.31.100(a). It is theoretically possible for conduct to constitute a substantial step toward the commission of the crime of kidnapping without constituting a restraint which is more than incidental to the commission of an underlying offense such as sexual assault or robbery. Thus, our conclusion that the evidence introduced by the state was insufficient to prove more than incidental restraint, would not preclude a retrial on the issue of attempted kidnapping. The reversal of the original conviction was not based on insufficiency of the evidence to prove the lesser offense of attempted kidnapping. It was based on the insufficiency of the evidence to prove the greater offense of kidnapping. *Burks v. United States*, 437 U.S. 1, 5, 98 S.Ct. 2141, 2144, 57 L.Ed.2d 1 (1978).

The judgment of the superior court is REVERSED and REMANDED for further proceedings.