**STATE of Alaska, Appellant,**

v.

**Ronald K. LARABY, Appellee.**

**No. A–4122.**

Court of Appeals of Alaska.

Dec. 4, 1992.

Rehearing Denied Jan. 5, 1993.

---

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellant.

Carol Greenberg, Office of Public Advocacy, Fairbanks, and Brant McGee, Public Advocate, Anchorage, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.[*]

## OPINION

BRYNER, Chief Judge.

Ronald K. Laraby was convicted by a jury of attempted kidnapping and assault in the fourth degree. We affirmed Laraby's conviction in *Laraby v. State*, 710 P.2d 427 (Alaska App.1985) (*Laraby I*). Laraby separately sought post-conviction relief, alleging ineffective assistance of counsel. The superior court rejected his claim; on appeal we remanded for additional proceedings. *Laraby v. State*, Memorandum Opinion and Judgment No. 1319 (Alaska App., February 4, 1987) (*Laraby II*). The superior court again found that Laraby had failed to establish his claim; we affirmed without prejudice to Laraby's right to seek post-conviction relief on a modified theory of ineffective assistance of counsel. *Laraby v. State*, Memorandum Opinion and Judgment No. 1747 (Alaska App., February 22, 1989) (*Laraby III*). Laraby subsequently filed a supplemental post-conviction relief application, alleging the new theory. Following an evidentiary hearing, Superior Court Judge Jay Hodges granted the application and ordered Laraby's attempted kidnapping conviction vacated. The state appeals. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

The facts underlying Laraby's conviction are not in dispute: Laraby accosted J.P. while she was walking along a path near the University of Alaska in Fairbanks. Laraby grabbed J.P. and instructed her to move into some nearby bushes. When J.P. refused, Laraby jabbed something in her

back, told her not to yell, and repeated his demand. J.P. saw someone walking towards them; she began screaming and hit Laraby. Laraby released her and fled. *Laraby I*, 710 P.2d at 427–28.

Laraby was charged with attempted kidnapping and attempted sexual assault. At trial, the attorney who then represented him submitted proposed instructions on fourth-degree assault as a lesser-included offense of both attempted kidnapping and attempted sexual assault. The trial judge, Superior Court Judge Warren W. Taylor, instructed the jury that fourth-degree assault was a lesser-included offense of attempted sexual assault but, for reasons not disclosed in the record, omitted the proposed lesser-included offense instruction as to attempted kidnapping. Laraby's counsel voiced no objection to the omission. The jury convicted of attempted kidnapping but acquitted of attempted sexual assault, finding Laraby guilty of fourth-degree assault, the lesser-included offense.

On appeal, new counsel undertook Laraby's representation; the state was also represented by a different attorney. Neither party was aware that Laraby's trial counsel had originally proposed a lesser-included offense instruction on fourth-degree assault as to the attempted kidnapping charge. In his direct appeal, Laraby argued, among other things, that the trial court's failure to instruct *sua sponte* on this lesser offense amounted to plain error. The state conceded that fourth-degree assault would have been a lesser-included offense of kidnapping but maintained that the trial court's failure to instruct *sua sponte* on the offense did not amount to plain error. In affirming Laraby's conviction, we adopted the state's view on the plain error issue. *Laraby I*, 710 P.2d at 429 n. 3.

Laraby's first application for post-conviction relief alleged that his trial counsel acted ineffectively in failing to request a lesser-included offense instruction on fourth-degree assault as to the attempted kidnapping charge. The superior court re-

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

jected Laraby's claim without deciding whether his trial counsel acted ineffectively, concluding that Laraby had failed to show any reasonable possibility of prejudice. On appeal, this court found the trial court's decision mistaken in this regard, concluding that Laraby had made an adequate showing of potential prejudice. We remanded for a decision as to whether trial counsel's failure to request a lesser-included offense instruction on the attempted kidnapping charge amounted to incompetence. Specifically, we indicated that the record was unclear as to whether trial counsel had tactical reasons for failing to request a lesser-included offense instruction. *Laraby II* at 4–5.

On remand, the parties discovered, for the first time since Laraby was convicted, that his trial counsel had in fact proposed a lesser-included offense instruction on fourth-degree assault as to both attempted sexual assault and attempted kidnapping.

At the ensuing evidentiary hearing, trial counsel was questioned about the proposed instruction and testified that he had no independent recollection of submitting it. Counsel did not remember discussing jury instructions with the court, either on or off the record, and he did not recall why the trial court had not given his proposed lesser-included instruction on the attempted kidnapping charge. Trial counsel was similarly unable to recall ever discussing lesser-included offenses with Laraby, although he testified that this was his normal practice.

When questioned about Laraby's trial, counsel stated he had been surprised by the verdicts acquitting Laraby of attempted sexual assault but convicting him of attempted kidnapping. Counsel remembered that, after hearing the verdicts, he thought to himself "why didn't I ask for the lesser included or attempted—of assault four as to the attempted kidnapping...." Along this same line, counsel testified: "There's no doubt in my mind ... that this wasn't tactical."

At the conclusion of the evidentiary hearing, the superior court found that Laraby's trial attorney had represented Laraby competently in requesting the instruction. Because the sole claim raised in Laraby's post-conviction relief application was that trial counsel had been ineffective in failing to request the disputed instruction, the superior court denied relief. In view of the limited scope of the remand order from this court the superior court expressed reluctance to inquire into the reasons why the proposed instruction was never given.

On appeal, this court affirmed the superior court's ruling as to the narrow issue that had been before it: ineffective assistance of counsel in failing to request a lesser-included offense instruction as to attempted kidnapping. We also found that the superior court did not err in declining to expand the proceedings to consider the circumstances surrounding the trial court's failure to give the proposed instruction. We nevertheless emphasized that Laraby was not precluded from filing a supplemental application alleging that his trial counsel was ineffective in failing to make an appropriate objection, on the record, to the trial court's failure to give the proposed lesser-included offense instruction. *Laraby III* at 2–3.

While this court had *Laraby III* under advisement, the superior court conducted a supplemental evidentiary hearing, apparently to preserve a record as to the circumstances surrounding the trial court's failure to give the proposed lesser-included offense instruction and trial counsel's failure to object to the proposed instruction's omission. Judge Taylor (the trial judge), trial counsel, and Laraby testified.

Judge Taylor testified that, in accordance with his usual procedure, jury instructions were discussed in chambers, off the record, with arguments and objections in court, on the record. Judge Taylor could not recall whether defense counsel had withdrawn any proposed instructions, and the judge could not explain why the lesser-included offense for attempted kidnapping had not been given.

Laraby testified that he did not remember any discussions with his trial counsel about omitting the lesser-included offense instruction for attempted kidnapping; in-

deed, Laraby recalled no discussions with either his trial attorney or the court about any instructions. Laraby thought it was strange that a lesser-included offense instruction was given for one charge, but not the other.

Laraby's trial counsel testified that he had no recollection about off-the-record discussions of jury instructions, no recollection of withdrawing his proposed lesser instruction, and no recollection of any tactical reason for failing to object to the omission.

On cross-examination, the state attempted to suggest that trial counsel might have had tactical reasons to withdraw the instruction. The state asked counsel if he agreed with Judge Taylor that a denial of any proposed instruction would normally have been put on the record. Counsel responded:

Well, I mean—apparently the record shows that I requested it, but didn't preserve it and it wasn't given. All I can conclude is that I'm not sure whether I might have forgotten that I'd requested it or that at some point I didn't think it was worth arguing about. I mean those are two possibilities. I don't remember any discussions off the record that may have led to one or the other.

Next, the prosecutor asked trial counsel how likely it was that he would have failed to put an objection on the record or that he would have "no recollection whatsoever" if he had actually wanted the lesser-included offense instruction given as to both of Laraby's charges. Counsel replied:

If I thought that—I can't imagine why I—you know, having asked for it I had—didn't object to it not being given. I wouldn't argue something that I couldn't get, so if the judge had ... given a set of final instructions for the two misdemeanors ... I'm sure I would have argued for them.... Why I didn't—if I remember requesting it why—why I didn't object to it not being given. I can't comment now. It certainly would have been my practice to—on any instruction I would have remembered giving to have objected to it not being given. I—I certainly have no

recollection that there was any tactical reason that I wouldn't have ... used the lesser included fourth degree assault because it was a significantly lower penalty than attempted kidnapping. It, as I remember the facts, would have been something that I think the jury would have felt might be a reasonably compromise verdict.

The prosecutor then pressed trial counsel on the issue of his trial tactics, suggesting that counsel might have withdrawn the proposed instruction in the belief that an instruction on fourth-degree assault as to the attempted kidnapping charge might have appeared to be a concession as to an element of attempted kidnapping, thereby inviting the jury to convict of the greater offense. To this, counsel answered: "I don't remember thinking anything along those lines. I mean at that—I mean if you're trying to refresh for me a possible tactical line, it doesn't sound familiar."

After this court decided *Laraby III*, Laraby filed a supplemental application for post-conviction relief asserting the modified theory mentioned in the decision: that his trial counsel was ineffective in neglecting to object to the trial court's omission of the proposed lesser-included offense instruction. The matter was assigned to Superior Court Judge Jay Hodges, who considered all of the evidence developed in connection with Laraby's initial application. In addition, Judge Hodges held a further hearing on the supplemental application. At the hearing, Laraby again testified that he had no recollection of ever discussing with his trial attorney proposed jury instructions, the withdrawal of any proposed instructions, or the possibility of not objecting to the failure to give an instruction on fourth-degree assault as a lesser-included offense of attempted kidnapping.

Fairbanks defense attorney Dick Madson also testified as an expert witness for Laraby. He stated that the only sound tactical reason he could think of for failing to object to the omission of an instruction on the lesser-included offense for attempted kidnapping was to create error. He also stated that he initially thought it was possible

that trial counsel had made a conscious decision to "go for broke" on the attempted kidnapping charge, but that his review of counsel's testimony convinced him that this did not seem likely or reasonable. Madson also expressed the opinion that trial counsel's failure to object on the record was not reasonable.

Based on the totality of the evidence, Judge Hodges found that trial counsel "did not act as a reasonably competent counsel practicing criminal law when he did not object to the failure to give the instruction." Judge Hodges went on to find both a reasonable possibility and a reasonable probability that the incompetence contributed to Laraby's attempted kidnapping conviction. On this basis, the judge ordered the attempted kidnapping conviction set aside.

## ANALYSIS

On appeal, the state challenges Judge Hodges' ruling on two grounds. First, the state argues that the evidence fails to support the court's implicit finding that trial counsel's conduct was not tactical. Second, the state asserts that, even if trial counsel's failure to object to the omission of the disputed instruction resulted from oversight or neglect, the failure was not so serious as to amount to constitutionally deficient representation.

In *Risher v. State*, 523 P.2d 421, 424–25 (Alaska 1974), the supreme court set out a two-pronged test to determine whether a defendant is entitled to a new trial based on claims of ineffective assistance of counsel. *Risher* provides that the defendant must first show that trial counsel's conduct fell below the minimal range of competence required of an attorney "with ordinary training and skill in the criminal law." *Id.* at 424. The second prong is satisfied by establishing a reasonable doubt as to whether the incompetence contributed to the verdict. *Jackson v. State*, 750 P.2d 821, 824 (Alaska App.1988).

Both of the state's arguments address the first prong of the *Risher* standard; the second, or prejudice, prong is not in dispute. The state's first argument is a factu-

al one. The state notes that, as part of the burden of establishing attorney incompetence, an applicant for post-conviction relief must prove that trial counsel's actions did not result from sound tactical choice. *State v. Jones*, 759 P.2d 558, 569 (Alaska 1988). The state points out that, during its cross-examination of trial counsel at the evidentiary hearing, the prosecution suggested a potentially sound tactical reason to explain counsel's failure to object to the omission of the disputed instruction: that the lesser-included offense of fourth-degree assault might have conflicted with counsel's theory of defense by effectively inviting the jury to find one element of attempted kidnapping to have been established. Relying on trial counsel's inability to recall precisely why he had failed to object to the omission of the disputed instruction, the state insists that "[t]he record in this case does not eliminate the possibility that [trial counsel] may have had a sound tactical reason for failing to object to the omission...."

▮ In advancing this argument, however, the state seems to assume that Laraby was required to adduce proof ruling out virtually any possibility of tactical choice. Yet a postconviction relief action is a civil proceeding; as such, it is subject to the normal rules governing civil cases. *See Hensel v. State*, 604 P.2d 222, 235 (Alaska 1979). An applicant for post-conviction relief thus bears the burden of proof by a preponderance of the evidence. Under this standard, Laraby's duty to overcome the presumption of competence obligated him to establish that his trial counsel's failure to object was probably not the result of tactical choice; conversely put, Laraby had the burden of proving that this failure was more likely than not the result of error or omission. Laraby had no duty to present conclusive proof on the issue or to rule out all possibility of tactical choice; nor was Judge Hodges obligated to make his finding on the basis of such proof.

▮ The pertinent issue, then, is whether the evidence below was sufficient to allow the trial court to find, by a prepon-

derance, that trial counsel's failure to object was not tactical. Because the issue is a factual one, the trial court's findings must be accepted unless clearly erroneous. *Merrill v. State,* 457 P.2d 231, 233–34 (Alaska 1969), *modified on other grounds, Donnelly v. State,* 516 P.2d 396, 399 n. 6 (Alaska 1973). And, as is normally the case, in the absence of express findings, we must view the record in the light most favorable to the prevailing party below, here Laraby. *See Ahkivgak v. State,* 730 P.2d 168, 171 (Alaska App.1986). We believe that, when the record is construed in the light most favorable to Laraby, there was ample evidence to enable Judge Hodges to find that trial counsel's failure to object to the omission of the disputed instruction was more likely than not the result of error or omission rather than of sound tactical choice. The trial court's factual finding on this issue was not clearly erroneous.

The second argument advanced by the state is a legal one. The state insists that even if trial counsel's failure to object was due to error or oversight, this error was not sufficiently significant to render counsel's performance constitutionally deficient. The state emphasizes that the constitutional standard for ineffective assistance of counsel is one of minimal competence and that the constitution does not guarantee error-free representation. According to the state, trial counsel's failure to object was at most the type of mistake that any trial court attorney might make. The state further notes that, at the time of Laraby's trial, the issue of whether fourth-degree assault is a lesser-included offense of attempted kidnapping had not yet been resolved in Alaska. *See Galbraith v. State,* 693 P.2d 880, 881 n. 1 (Alaska App.1985) (finding for the first time that fourth-degree assault is a lesser-included offense of attempted kidnapping).

The ultimate question of whether an attorney's performance falls below the minimal level of competent representation presents a mixed question of fact and law as to which this court independently reviews the trial court's conclusions. *Jackson,* 750 P.2d at 825.

The state correctly notes that the status of fourth-degree assault as a lesser-included offense of attempted kidnapping had not been definitively resolved at the time of Laraby's trial. Yet this was not an issue on which conflicting authority supported opposing conclusions. The basic analytical framework for determining whether a lesser offense should be deemed included in a greater was well-settled. No existing authority suggested that, under this framework, fourth-degree assault would not be considered a lesser-included of offense of attempted kidnapping.

Moreover, even if the unresolved status of the case law would have made it possible for competent counsel to miss the issue, the inescapable fact in the present case is that Laraby's counsel did not miss it. The precise question here is thus whether trial counsel, having seen that fourth-degree assault was properly a lesser-included offense of attempted kidnapping and having affirmatively proposed an instruction, thereafter acted incompetently in neglecting to object to the trial court's omission of the proposed instruction.

Given the potential significance of a lesser-included offense in a case such as this, the fundamental nature of an attorney's duty to protect the rights of a client with respect to such matters,[1] and the straightforward manner in which that duty could have been satisfied in the present case—that is, by simply noting an objection on the record—we conclude that counsel's omission cannot lightly be dismissed as the type of mistake that falls within the norm of competent representation. The superior

---

1. In this regard, it is not insignificant that, under the American Bar Association's Standards for Criminal Justice, decisions as to lesser-included offenses are ranked among the most important in a criminal case and are viewed comparable to decisions as to the charges to which an accused should plead. For this rea-

son, the standards advise not only that defense counsel should consult fully with the accused on issues involving lesser-included offenses, but also that the accused should retain the ultimate decision on such matters. I *Standards for Criminal Justice* § 4–5.2 and commentary at 4.68 (1982).

court did not err in concluding that Laraby's trial counsel breached his duty of competent representation.

The superior court's order vacating Laraby's conviction of attempted kidnapping is AFFIRMED.

MANNHEIMER, J., not participating.