Daniel C. NELSON, Petitioner,

v.

STATE of Alaska, Respondent.

No. S–13100.

Supreme Court of Alaska.

April 6, 2012.

---

**34.** *Wetherhorn,* 156 P.3d at 375–76 (quoting *Humphrey v. Cady,* 405 U.S. 504, 509, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972)).

Michael J. Zelensky, Ketchikan, for Petitioner.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions & Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for Respondent.

Dan S. Bair, Assistant Public Advocate, and Rachel Levitt, Public Advocate, Anchorage, for Amicus Curiae Office of Public Advocacy.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and STOWERS, Justices.

*OPINION*

PER CURIAM.

## I. INTRODUCTION

A prisoner applied for post-conviction relief, alleging 35 claims of ineffective assistance of trial counsel. At a deposition trial counsel asserted the Fifth Amendment privilege against self-incrimination regarding his representation of the applicant. The superior court ultimately dismissed all but one post-conviction relief claim for failure to establish a prima facie case, and the court of appeals affirmed. The applicant petitioned for our review to determine whether the ordinary presumption of defense counsel's competence applies when counsel invokes the Fifth Amendment regarding the representation. We determine it does, but note that an adverse inference may be drawn in the appli-

cant's favor on specific disputed factual issues if warranted in an appropriate case. With this clarification, we affirm the court of appeals' decision because this is not an appropriate case warranting such an inference.

## II. FACTS AND PROCEEDINGS

In May 1996 a jury convicted Daniel Nelson of five counts of sexual abuse of minors. Ronald Hemby represented Nelson at trial. The court of appeals affirmed the convictions on direct appeal.[1] In March 2002 Nelson retained new counsel and filed a petition for post-conviction relief, alleging 35 claims of ineffective assistance by Hemby.

As a threshold condition for pursuing his ineffective assistance of counsel claims, Nelson was required to submit an affidavit from Hemby addressing Nelson's specific claims and Hemby's tactical choices regarding these claims.[2] Hemby refused to provide an affidavit. Hemby had retired and moved to Missouri, so Nelson's attorney traveled to Missouri to depose Hemby. At the deposition Hemby invoked his Fifth Amendment privilege against self-incrimination and refused to answer any questions concerning his representation of Nelson. During a break in the deposition, the parties contacted Superior Court Judge Michael A. Thompson, who conducted an unrecorded, ex parte telephone conversation with Hemby and upheld Hemby's invocation of the Fifth Amendment privilege.[3] Judge Thompson issued no findings regarding Hemby, but excused Nelson from the affidavit requirement for his post-conviction relief petition.

On the State's motion Judge Thompson dismissed 34 of Nelson's 35 post-conviction relief claims for failure to state prima facie claims for relief.[4] Nelson moved for summary judgment on the sole surviving claim, which Judge Thompson ultimately granted.

Nelson appealed the dismissal of four claims to the court of appeals.[5] As to three of these claims, Nelson argued the superior court committed legal error by relying on the presumption of competence by Nelson's trial counsel. Specifically, Nelson argued the presumption of competence should not apply when trial counsel invoked the Fifth Amendment rather than answer questions regarding the representation. Because this argument was raised for the first time on appeal, the court of appeals required Nelson to show plain error.[6]

The court of appeals was "not convinced that Judge Thompson committed any error at all, much less that the alleged error was 'plain.'"[7] The court rejected Nelson's implicit argument that Hemby's incompetence could be reasonably inferred from his invoca-

**1.** *Nelson v. State*, No. 6358, 1999 WL 33911988, at *6 (Alaska App. Nov. 10, 1999) (unpublished). Hemby did not represent Nelson on the direct appeal. *Id.* at *1.

**2.** *See Tall v. State*, 25 P.3d 704, 708 (Alaska App.2001) ("We have repeatedly held that a defendant asserting ineffective assistance of counsel must provide the court with an affidavit from the former attorney, addressing the various claims of ineffective representation, or must explain why such an affidavit can not be obtained." (quoting *Peterson v. State*, 988 P.2d 109, 113 (Alaska App. 1999))).

**3.** We are unable to discern the specific circumstances of the attorneys' call to Judge Thompson or why there is no record of the discussion between Judge Thompson and Hemby. We encourage the creation of an appropriate record of judicial participation in, and especially resolution of, litigants' out-of-court deposition disputes.

**4.** In post-conviction relief proceedings the applicant bears the initial burden of establishing a prima facie case of ineffective assistance of counsel. *State v. Jones*, 759 P.2d 558, 569–70 (Alaska App.1988).

**5.** The State cross-appealed the single grant of post-conviction relief. The court of appeals remanded the grant of post-conviction relief for reexamination and explanation. *Nelson v. State*, Nos. 8879/8899, 2007 WL 1098411, at *12 (Alaska App. Apr. 11, 2007) (unpublished). On remand the superior court detailed its reason for granting summary judgment to Nelson and again granted post-conviction relief. The court of appeals then affirmed the superior court's decision. *State v. Nelson*, No. 8899, 2008 WL 1914354 (Alaska App. Apr. 30, 2008) (unpublished).

**6.** "That is, [Nelson] must show that any competent judge in Judge Thompson's position would have recognized, unprompted, that the presumption of attorney competence no longer applied after Hemby invoked the Fifth Amendment." *Nelson*, 2007 WL 1098411, at *6.

**7.** *Id.* at *7.

tion of the Fifth Amendment.[8] The court stated "the fact remains that, under our law, no inference can be drawn from a witness's invocation of an evidentiary privilege."[9] The court found the privilege assertion meant only that Hemby became unavailable as a witness, which "did not negate the presumption of attorney competence or relieve Nelson of the concomitant burden of affirmatively proving his attorney's incompetence."[10] Accordingly, the court of appeals concluded the superior court did not commit plain error.

Nelson petitioned for our review, arguing the presumption of competent representation should not apply when trial counsel invokes the Fifth Amendment. Notwithstanding the "plain error" analysis relevant to Nelson's appeal to the court of appeals, we granted Nelson's petition for hearing on the following limited legal question: What effect does defense counsel's invocation of the Fifth Amendment privilege have on the competence presumption and burden of proof in a post-conviction relief claim based on ineffective assistance of counsel? We invited the Office of Public Advocacy to participate as amicus curiae.

## III. DISCUSSION

There is "a strong presumption of competence" when evaluating defense counsel's conduct in a post-conviction relief pro-

ceeding.[11] To rebut this strong presumption the applicant must present some "evidence ruling out the possibility of a tactical reason to explain counsel's conduct."[12] If the presumption is not rebutted, an ineffective assistance finding is precluded.[13] If it is rebutted, the applicant must then show counsel's incompetence contributed to a conviction.[14] Because it found the law prevented any inferences to be drawn from a witness's privilege assertion, the court of appeals concluded that "[t]he only pertinent consequence" of Hemby's privilege assertion was that he became unavailable as a witness, which "did not negate the presumption of attorney competence or relieve Nelson of the concomitant burden of affirmatively proving his attorney's incompetence."[15]

We disagree with the court of appeals' statement that as a matter of law no adverse inference could be drawn from Hemby's invocation of the Fifth Amendment.[16] Post-conviction relief proceedings are civil in nature.[17] Evidence Rule 512(a)'s prohibition against drawing inferences from a claim of privilege "do[es] not apply in a civil case with respect to the privilege against self-incrimination."[18] The United States Supreme Court has stated "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered

---

**8.** *Id.*

**9.** *Id.* at *8 (relying in part on Alaska Evidence Rule 512(a)).

**10.** *Id.*

**11.** *Jones,* 759 P.2d at 569 (citing *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

**12.** *Id.*

**13.** *Id.*

**14.** *Risher v. State,* 523 P.2d 421, 424–25 (Alaska 1974).

**15.** *Nelson,* 2007 WL 1098411, at *8.

**16.** *Id.* at *7–8 (relying on Evidence Rule 512(a)).

**17.** *See Hensel v. State,* 604 P.2d 222, 230–31 (Alaska 1979) ("The post-conviction relief proceeding is not another trial; it is separate from the original criminal proceeding, and it is governed primarily by rules of civil procedure."); *State v. Laraby,* 842 P.2d 1275, 1279 (Alaska App.1992) ("[A] postconviction relief action is a civil proceeding; as such, it is subject to the normal rules governing civil cases."); *cf.* Alaska R.Crim. P. 35.1(g) (establishing "[a]ll rules and statutes applicable in civil proceedings" are available in post-conviction relief proceedings).

The court of appeals recently applied this very proposition, stating that a post-conviction relief action "is a civil lawsuit brought by an already-convicted criminal" and that no authority had been offered "to support the proposition that the Sixth Amendment right of confrontation applies to post-conviction relief litigation." *Lockuk v. State,* No. 10499, 2011 WL 5027060, at *3 (Alaska App. Oct. 19, 2011).

**18.** Alaska R. Evid. 512(d).

against them." [19]   Although the Court was focused on parties to a suit, other federal courts have extended its conclusion to non-parties in civil proceedings.[20]

At oral argument the State conceded that in a post-conviction relief proceeding based on ineffective assistance of counsel, counsel's privilege assertion as to specific actions in combination with a factual dispute about those actions may give rise to a permissible and relevant adverse inference. We agree, emphasizing that a trial court's decision to draw an adverse inference from a non-party's invocation of the Fifth Amendment should be made on a case-by-case basis.[21]

But we do agree with the court of appeals that defense counsel's general invocation of a Fifth Amendment privilege regarding representation of an applicant does not by itself rebut the presumption of or shift the burden of proof on counsel's competence. The "strength and cogency of the adverse inference should, of course, be tested against the other evidence in the case." [22]   Evidence of a privilege assertion void of context bears little to no weight in satisfying a party's evidentiary burden.[23]

Nelson must still have presented some evidence ruling out the possibility of a tactical reason explaining Hemby's conduct.[24] Nelson offered no evidence that any specific actions by Hemby were incompetent under the particular circumstances of his case. And although Judge Thompson found Hemby had a good faith basis for invoking the Fifth Amendment, Nelson failed to ask Judge Thompson to allow question-by-question examination that might have focused on specific actions and generated permissible adverse inferences. Without any evidence of specific incompetent actions or any corroborating adverse inferences to be drawn from Hemby's invocation of the Fifth Amendment, Nelson failed to rebut the presumption that Hemby acted with competence.

Accordingly, as the court of appeals suggested, Judge Thompson did not commit error, let alone plain error.

## IV.   CONCLUSION

With our clarification regarding defense counsel's assertion of Fifth Amendment rights, we AFFIRM the court of appeals' decision affirming the superior court's dismissal of Nelson's claims for post-conviction relief.

CHRISTEN, Justice, not participating.

---

**19.**  *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

**20.**  *See, e.g., LiButti v. United States,* 107 F.3d 110, 121–24 (2d Cir.1997); *FDIC v. Fid. & Deposit Co. of Md.,* 45 F.3d 969, 978 (5th Cir.1995); *RAD Servs., Inc. v. Aetna Cas. & Sur. Co.,* 808 F.2d 271, 275–76 (3d Cir.1986).

**21.**  *See, e.g., LiButti,* 107 F.3d at 123 (setting forth four factors for trial courts to consider in deciding whether to permit an adverse inference to be drawn from a non-party's invocation of the Fifth Amendment); *FDIC,* 45 F.3d at 978 (finding whether a party should be barred from calling a non-party as a witness for the purpose of having him exercise his Fifth Amendment right requires trial courts "to evaluate [such] situations on a case-by-case basis").

**22.**  *LiButti,* 107 F.3d at 124.

**23.**  *Id.* ("[T]he claim of privilege will not prevent an adverse finding or even summary judgment if the litigant does not present sufficient evidence to satisfy the usual evidentiary burdens in the litigation." (quoting *United States v. 4003–4005 5th Ave.,* 55 F.3d 78, 83 (2d Cir.1995))).

**24.**  *See Jones,* 759 P.2d at 569.