

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-638

| | |
|---|---|
| RODNEY PORTA<br>　　　　　　　APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES and MINOR<br>CHILDREN<br>　　　　　　　APPELLEES | **Opinion Delivered** January 8, 2014<br><br>APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT, FORT SMITH<br>DISTRICT<br>[NO. JV-2010-428]<br><br>HONORABLE MARK HEWETT,<br>JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

**WAYMOND M. BROWN, Judge**

Appellant appeals the circuit court's termination of his parental rights as to B.P., born March 15, 2004; A.P., born June 26, 2006; and K.P., born October 11, 2007. Appellant's counsel has filed a motion to withdraw and a no-merit brief, pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[1] and Arkansas Supreme Court Rule 6-9(i),[2] stating that there are no meritorious grounds to support an appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se points for reversal. Appellant filed pro se points with the clerk; appellee Arkansas Department of Human Services (DHS) did not file a responsive brief. Appellant's pro se points are that (1) his counsel below, Shelton Sargent, was ineffective for numerous

---

[1]359 Ark. 131, 194 S.W.3d 739 (2003).

[2](2011).

SLIP OPINION

reasons; (2) the circuit court failed to acknowledge and give appropriate weight to certificates he received for completion of various classes including, but not limited to, a drug treatment program and parenting classes; and (3) that DHS, knowing appellant was incarcerated during the case, should have made more than the one unsuccessful attempt it made to locate him. None of appellant's arguments require reversal; therefore, we affirm the circuit court's order terminating appellant's parental rights and grant counsel's motion to withdraw.

A protective services case was initially opened in Pope County on January 9, 2010, due to educational neglect of the children by their mother, Sherry Ritcheson. The case was transferred to Crawford County on April 28, 2010. After the transfer, Ms. Ritcheson was never able to give her caseworker a current address; B.P. missed two weeks of school while with appellant due to an alleged abscess for which appellant failed to take B.P. to the doctor; and, once back with Ms. Ritcheson, B.P. did not attend school the week following his two-week absence with appellant. B.P.'s school filed a family-in-need-of-services (FINS) petition and after a hearing on June 2, 2010, a 72-hour hold was placed on all three children. On June 7, 2010, DHS filed a petition for emergency custody and dependency-neglect of all three children. The petition acknowledged appellant as the father of all three children, but stated that his current address was unknown. On the same day, the court entered an order granting emergency custody and finding probable cause to believe the children were dependent-neglected.

Following a June 14, 2010 hearing, the court entered an order on June 18, 2010, finding probable cause that the children were dependent-neglected and that the

SLIP OPINION

emergency conditions that necessitated removal of the children continued and so required the custody of the children to remain with DHS. Following a July 30, 2010 hearing, the court entered an order on August 5, 2010, adjudicating the children dependent–neglected. In that order, the court ordered appellant to complete parenting classes, submit to a psychological evaluation, undergo a drug and alcohol assessment, visit the children regularly, and resolve all outstanding charges if he wanted to be considered as a placement option for the children.

Following a hearing on January 4, 2011, the court entered a review order on May 24, 2011, in which it stated that appellant had not complied with the case plan. Specifically, it stated that he had not visited the children or had contact with DHS during the review period and had been in the Crawford County jail since December 18, 2010, on a $100,000.00 bond on pending drug and weapons charges. Appellant was again ordered to resolve his outstanding criminal charges and was not granted visitation at that time.

Following a May 31, 2011 hearing, the court entered a permanency planning order on August 12, 2011. Noting Ms. Ritcheson's partial compliance, the court left the goal of the case plan as reunification, but added a concurrent goal of adoption. The court stated that appellant was still incarcerated. Following an August 23, 2011 hearing, the court entered a fifteen-month review order on January 20, 2012, in which it kept reunification and adoption as the concurrent goals of the case. The court stated that DHS had had no contact with appellant, who was still reported to be incarcerated, and that DHS had not been able to locate appellant through the prison website. After a January 24, 2012 hearing,

the court entered a review order on February 6, 2012, in which it dropped the concurrent goal of adoption, keeping the goal of the case as reunification only. No reference to appellant was made in this order.

Following a June 26, 2012 hearing, the court entered a permanency planning order on July 11, 2012, giving Ms. Ritcheson three months to obtain the return of the children and permitting her to begin a trial home placement with A.P. Following an August 21, 2012 hearing, the court entered an order on September 20, 2012, changing the goal of the case to adoption.[3] Therein, the court stated that appellant had not complied with the case plan as he had not appeared at any hearings, visited with the children, nor participated in any services. The court specifically found that appellant (1) failed to obtain and maintain stable and appropriate housing, stable transportation, and stable employment and income sufficient to care for the children; (2) failed to submit to random drug testing and psychological evaluation; (3) failed to complete a drug and alcohol assessment; and (4) failed to resolve all open criminal charges.

DHS filed a petition to terminate appellant's and Ritcheson's parental rights to the children on October 19, 2012, on grounds that:

> 1. The children had been adjudicated dependent-neglected and had continued to be out of the custody of appellant for twelve months and the conditions that necessitated the children's removal had not been remedied despite meaningful effort by DHS to rehabilitate the parents and correct the conditions;[4]

---

[3]Among other issues, Ms. Ritcheson failed to attend one AA/NA meeting per week, failed to obtain an AA/NA sponsor, tested positive for alcohol at a level of .249g of alcohol/210L of breath, and her trial placement with her children had ended unsuccessfully after she supervised them while intoxicated by alcohol.

[4]Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(a) (Supp. 2011).

SLIP OPINION



2. The children had lived outside the home for a period of twelve months and appellant had willfully failed to provide significant material support in accordance with his means or to maintain contact with the children due to his incarceration during a substantial portion of the case;[5]

3. Appellant abandoned the children;[6]

4. Ms. Ritcheson had executed consent to termination of her parental rights or adoption of the juvenile subject to the courts approval;[7]

5. Other factors or issues arose subsequent to the filling of the original petition for dependency-neglect that demonstrate that return of the children to appellant's custody is contrary to the children's health, safety, or welfare, and that, despite the offer of appropriate family services, the parent has manifested the incapacity of indifference to remedy the subsequent issues or factors or rehabilitate the circumstances that prevent return of the children to his custody where appellant has failed to establish a safe, appropriate, stable home for the children and failed to establish safe, appropriate transportation for the children which puts them at risk of harm;[8]

6. Appellant is sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the children's lives where he has been sentenced on February 17, 2012, as a habitual offender to 480 months in the Arkansas Department of Correction for fraud to obtain drug paraphernalia and to 720 months for manufacturing, delivering and possessing a controlled substance;[9] and

7. Appellant had subjected the children to aggravated circumstances including abandonment and little likelihood of successful reunification considering

---

[5]Ark. Code Ann. § 9-27-341(b)(3)(B)(ii)(a).

[6]Ark. Code Ann. § 9-27-341(b)(3)(B)(iv).

[7]Ark. Code Ann. § 9-27-341(b)(3)(B)(v)(a).

[8]Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(a).

[9]Ark. Code Ann. § 9-27-341(b)(3)(B)(viii).



appellant's very long jail sentence and his lack of involvement in the children's lives.[10]

On January 25, 2013, the court appointed Shelton Sargent as appellant's attorney. On February 8, 2012, Sargent filed a motion for continuance on the termination of parental rights (TPR) hearing, which was then scheduled for April 16, 2013, to await the outcome of appellant's appeal of his criminal case.

Following an April 16, 2013 hearing, at which appellant appeared, the court entered an order on May 2, 2013, terminating appellant's rights to the children.[11] As a ground for terminating his parental rights, the court cited appellant's having been sentenced in a criminal proceeding to a period of time that constitutes a substantial portion of the children's lives. The court found that appellant had been convicted of multiple felonies and was presently incarcerated in the Arkansas Department of Correction (ADC).[12] The court noted that appellant's eligible date of parole, while unimportant to the issue of calculation of his sentence, had been extended to a later date due to appellant being charged with possession a knife while in the ADC. As its second ground for terminating appellant's parental rights, the court cited appellant's having subjected the

---

[10]Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(a)(3)(B)(i).

[11]Ms. Ritcheson's parental rights were terminated following a separate hearing on January 18, 2012, after DHS filed its petition to terminate both appellant's and Ms. Ritcheson's parental rights to the children, but prior to appellant's parental rights being terminated.

[12]Appellant had a 1993 burglary conviction for which he was sentenced to five years in the ADC with fifteen years suspended, a 2008 theft conviction for which he was sentenced to two years in the ADC with eight years suspended, and his most recent conviction for manufacturing methamphetamine and possession of drug paraphernalia for which he was sentenced to sixty years and forty years, respectively.



children to aggravated circumstances in that there is little likelihood that services to appellant would result in reunification. It supported this ground by noting appellant's lack of progress in rehabilitating himself before he was incarcerated and by there being little likelihood that additional services would result in successful reunification due to the length of appellant's sentences. It noted appellant's completion of anger management classes and substance abuse classes in 2008, but stated that "he made no changes to his behavior after taking those classes as the offenses which resulted in his current incarceration occurred in December 2010." This timely appeal followed.

## I.      Appellant's Points

Appellant's first point on appeal is that his attorney was ineffective because Sargent (1) only consulted appellant for fifteen minutes before the TPR hearing; (2) failed to object to testimony about his 1993 conviction which occurred when he was a minor; (3) failed to object to the denial of appellant's motion for continuance; (4) failed to note the expiration of and time remaining on sentences from previous convictions; (5) failed to object to his 100-year sentence being entered into evidence;[13] and (6) failed to ask for a continuance of the TPR hearing until the decision in his criminal appeal was entered. Appellant failed to raise these issues below. Arkansas appellate courts will not consider a

---

[13]As noted above, one ground cited by the court for termination of appellant's parental rights was appellant's having been sentenced to a combined 100-year sentence for manufacturing methamphetamine and possession of drug paraphernalia. Appellant appealed these convictions. Those convictions were reversed by this court and a new trial was granted in *Porta v. State*, 2013 Ark. App. 402, ___ S.W.3d ___.

claim of ineffective assistance of counsel as a point on appeal unless it was first raised in the trial court.[14]

Appellant's second and third points on appeal are that (1) the circuit court failed to acknowledge and give appropriate weight to certificates he received for completion of various classes including completion of a 60-day drug treatment program and certificates in parenting, job, and life skills; anger management; drug abuse; and re-entry; and (2) that DHS, knowing appellant was incarcerated during the case, should have made more than the one unsuccessful attempt it made to locate him. Again, neither of these arguments were made below; therefore we do not consider them.

## II.    Counsel's Brief and Motion

In compliance with *Linker-Flores* and Rule 6-9(i), counsel ordered the entire record and found that after a conscientious review of the record there are no issues of arguable merit for appeal. After carefully examining the record and the brief presented to us, which included all other adverse rulings, we conclude that the appeal is wholly without merit. Accordingly, we affirm the termination of appellant's parental rights and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

WYNNE and HIXSON, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

No response.

---

[14]*Calahan v. Ark. Dep't. of Human Servs.*, 2013 Ark. App. 508, ___ S.W.3d ___ (citing *Weaver v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 680).

