BOLGER, Justice,
concurring.
I agree with the majority of the court's opinion. But I disagree with the decision to review Chloe's claim of ineffective assistance of counsel. Chloe did not raise this claim in the trial court, so we have no superior court order to review directly. And the record contains no explanation of her attorney's de *1272 cision that would assist our review.[1] We generally decline to consider a claim that is raised for the first time on appeal.[2]
The court's opinion notes there is no ree-ord support for Chloe's claim of ineffective assistance and apparently concludes that the record shows, beyond a reasonable doubt, that her counsel's incompetence did not contribute to the outcome of this case.[3] However, it is unlikely the trial court record will contain the evidence of the impact of her attorney's decisions when Chloe was represented in the trial court by the same counsel whose conduct she challenges on appeal. In my opinion, we should avoid direct review of this issue unless the appellant has had a fair opportunity to develop a record.
Many state courts simply decline to address an ineffective assistance of counsel claim in termination cases unless the claim has been raised in the trial court.[4] In Wethk-erhorn v. Alaska Psychiatric Institute, in the context of a civil commitment proceeding, we discussed the reasons for declining direct review under these cireumstances:
[It is difficult for an appellate court to review a claim of ineffective assistance of counsel unless a record has been developed that includes findings of facts and conclusions of law regarding the claim. Therefore, in Barry v. State, the court of appeals "require[d] that the question of ineffective assistance of counsel be argued first to the
trial judge either in a motion for a new trial or an application for post-conviction relief." In this case, we cannot review a claim for ineffective assistance of counsel without an explanation in the record for counsel's actions; otherwise we become engaged "in the perilous process of second-guessing." Because in this case no record has been developed, we do not review the issues. We therefore require respondents to establish a record concerning counsel's challenged acts or omissions by applying to the trial court to seek a new commitment and medication hearing by a motion for relief under Alaska Civil Rule 60(b) or by a Civil Rule 86 habeas corpus petition.[5]
I believe we should continue to follow this reasoning unless there is a compelling reason not to do so.
As the Wetherhorn court noted, the Alaska Court of Appeals addressed this issue many years ago in Barry v. State.[6] In Barry, the court noticed "an increasing number of direct appeals raising the issue of ineffective assistance of counsel on inadequate records."[7] The court noted that in these cases "[the issue was not presented to the trial court, and findings of fact and conclusions of law were not adopted" regarding the defendants' claims.[8] The court concluded that such claims could not "be effectively reviewed for the first time on appeal." [9]
*1273 We are facing the same situation. As the court's opinion notes, we have reviewed numerous appeals in parental rights termination cases where the record is simply inadequate to make out a case of ineffective assistance of counsel. There is no reason to believe a litigant would be able to make an adequate record when represented by the same counsel whose effectiveness is at issue.
I believe we should simply decline direct review of these claims.

. See Nelson v. State, 273 P.3d 608, 612 (Alaska 2012) (requiring a challenging party to present "some evidence ruling out the possibility of a tactical reason explaining" an attorney's conduct).

. See Grace L. v. State, Dep't of Health & Soc. Servs., 329 P.3d 980, 989 (Alaska 2014) (citing Wetherhorn v. Alaska Psychiatric Inst., 156 P.3d 371, 384 (Alaska 2007)) (declining to review an ineffective assistance of counsel claim that was not raised in the superior court).

. See David S. v. State, Dep't of Health & Social Servs., 270 P.3d 767, 784 (Alaska 2012) (adopting the two-pronged test for ineffective assistance of counsel from Risher v. State, 523 P.2d 421, 425 (Alaska 1974)).

. See, eg., KH. v. Jefferson Cnty. Dep't of Human Res., 106 So.3d 420, 423 (Ala.Civ.App.2012); Porta v. Arkansas Dep't of Human Servs., 2014 Ark. App. 16, 431 S.W.3d 383, 387 (2014); In re Marriage of Stephen P., 213 Cal.App.4th 983, 153 Cal.Rptr.3d 154, 161 (2013); LH. v. Dep't of Children & Families, 995 So.2d 583, 584-85 (Fla.Dist.App.2008); In re S.D., 671 N.W.2d 522, 530 (Iowa App.2003); In re S.P., 76 A.3d 390, 394 n. 4 (Me.2013); In re Oleg, 776 N.E.2d 1039 (Mass.App.2002); Matter of the Welfare of J.M.KA., Child, No. Co-97-1156, 1997 WL 770399, at *3 (Minn.App. Dec. 16, 1997); Matter of C.C., 907 P.2d 241, 244-45 (Okla.Civ.App.1995); Interest of M.D.(S)., 168 Wis.2d 995, 485 N.W.2d 52, 55-56 (1992).

. Wetherhorn, 156 P.3d at 384 (footnotes and citations omitted).

. 675 P.2d 1292, 1295 (Alaska App.1984).

. Id.

. Id.

. Id.